JACOB GRIMES, JR.,

v.

GEORGE F. HILLIARY, ADMINISTRATOR.

*Administration—Remedies at Law and Equity—When Statutory Remedy Merely Cumulative—Discovery.*

1.   Upon a bill filed by an administrator for discovery as to date, rate of interest, etc., of notes alleged to be due the estate from defendant, but which had been lost, it is *held:* That the remedies conferred by statute were not exclusive of the original remedy at equity.

2.   Since a discovery by answer was the only relief sought, a rule to answer was in effect a final decree from which an appeal would lie.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Vermillion County; the Hon. C. B. SMITH, Judge, presiding.

Mr. W. R. LAWRENCE, for appellant.

Messrs. E. R. E. KIMBROUGH and J. B. MANN, for appellee.

PLEASANTS, J.   The bill filed by appellee herein set forth that he was appointed administrator of the estate of Jacob

Grimes v. Hilliary.

Grimes, Sr., who died in April, 1885; that appellant was indebted to the deceased in his lifetime, for which he gave two promissory notes for $1,000 and $900 respectively; that said notes have never been in the possession of the complainant; that the heirs of said decedent claim that they were never paid and rightfully belong to the estate; that they were last seen in the possession of the defendant; that the County Court of Vermillion County has duly entered an order against complainant as such administrator, requiring him to bring suit against said defendant on account of said indebtedness; and that complainant is unable to declare upon said notes because he does not know the date, time of maturity, rate of interest or place for payment, if any such rate or place was therein stated, of said notes or either of them; and prays a discovery by defendant of those particulars, and an answer to the interrogatories appended, calling for them.

To this bill the defendant interposed a demurrer for want of equity, which the court overruled, and thereupon entered a rule requiring him to answer by a day therein stated. Defendant abiding by his demurrer declined to answer, excepted to the ruling of the court and took this appeal.

Since a discovery by answer was the only relief sought, the rule to answer was, in effect, a final decree, and subject to appeal.

The ground of demurrer relied on is that complainant has an adequate remedy at law; first, by citation from the County Court and proceedings thereon, under Sec. 81 of Chap. 3 of the R. S., and also under the provisions by which he could compel the testimony of defendant on his behalf in the suit at law, and make any amendment of his declaration which the evidence might require.

The original power of equity in such cases, however, is not questioned. It is expressly recognized in Sec. 20 and elsewhere in Chap. 22, R. S. And in 1 Story's Eq. Jur., Sec. 80, after the statement that courts of law have come to exercise many of the powers once peculiar to equity, it is said: "And sometimes the Legislature by express enactment has conferred on courts of law the same remedial faculty which belongs to

courts of equity. Now (as we have seen) in neither case, if the courts of equity originally obtained and exercised jurisdiction, is that jurisdiction overturned or impaired by this change of the authority at law  *  *  *  ; for unless there are prohibitory or restrictive words used, the uniform interpretation is that they confer concurrent and not exclusive remedial authority." See, also, Pomeroy's Eq., Secs. 193, 279; and Bispham, Sec. 10; Wade v. Pritchard, 69 Ill. 279. The statutory provisions referred to contain no words prohibitory or restrictive of the original power of the courts of equity; and while there may be many cases in which these concurrent and cumulative remedies would be the more convenient, there may be many, also, in which the plaintiff would wisely prefer not to depend upon testimony of his adversary before a jury for proof of anything, or to use him for formal proof and yet not venture to ask him about the merits, or to risk the necessity of trying to impeach one whom he had himself offered as a witness for any purpose. We think these remedies did not bar the relief sought in equity, and the order of the court below will be affirmed.

*Order affirmed.*