## James Grimes v. Geo. F. Hilliary, Administrator, etc.

1. EVIDENCE—*Measure of Proof.*—Where the plaintiff in his declaration charges the defendant with an unlawful act it does not follow that he is required to make out his case by more than a preponderance of the evidence.   Where the pleadings allege a criminal act or where the plaintiff's case necessarily involves a charge of crime, the proof must be full and satisfactory, but it need not be such as to convince the jury beyond a reasonable doubt.

2. PAYMENT—*Burden of Proof.*—An averment in a declaration on a note averring that the note is not paid, need not be proved; it devolves upon the defendant to show payment by affirmative and preponderating proof.

Memorandum.—Assumpsit on a promissory note.   Appeal from the Circuit Court of Vermilion County; the Hon. EDWARD P. VAIL, Judge,

presiding.  Heard in this court at the May term, 1893, and affirmed.
Opinion filed November 4, 1893.

The opinion states the case.

LAWRENCE & LAWRENCE, attorneys for appellant.

E. R. E. KIMBROUGH and CALHOUN, STEELEY & JONES, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee, as administrator of Jacob Grimes, Sr., deceased, recovered a judgment against the appellant for $1,094.65 on account of a note for $900, given by the latter to the intestate.  In the declaration as originally filed the plaintiff counted upon this note and another for $1,000, and alleged the loss of the notes.

After the evidence had been heard the declaration was amended so as to allege that the defendant had unlawfully destroyed the two notes whereby the same were totally lost to the plaintiff's intestate, and that the same had not been paid.

There was evidence enough to satisfy the jury that the notes were destroyed by the defendant, and we have no doubt on this point.

The only questions for present consideration relate to the ruling of the court in admitting evidence and the giving of instructions.

It is urged that the court erred in allowing the plaintiff to introduce the bill of discovery and the answer of the defendant thereto in the case reported in 38 Ill. App. 246.  In this there was no error.

It is urged also that the court should have instructed the jury that it was incumbent upon the plaintiff to make out his allegation that defendant destroyed the notes by proof beyond a reasonable doubt.  The pleadings did not charge the defendant with a crime or misdemeanor, but at most with a mere trespass, and this only for the purpose of excusing the plaintiff for not producing the notes in evidence.

Because the unlawful act of the defendant might have been willful and malicious, and with such intent as to be indictable under the criminal code, it does not follow that the plaintiff, alleging the unlawful act merely, was required to make out his case by more than a preponderance of the evidence. Where the pleadings allege a criminal act, or where the plaintiff's case necessarily involves a charge of crime, and it must be so alleged, or where, if the pleadings are oral, a charge of crime is necessarily involved, the proof must be full and satisfactory, or, as is sometimes said, there should be a clear preponderance of proof (Riggs v. Powell, 142 Ill. 453); but we do not understand that even in such case the court is required to advise the jury that the proof must be such as to convince their minds beyond a reasonable doubt. Sprague v. Dodge, 42 Ill. 142.

We are inclined to agree with the ruling of the Circuit Court on this point.

Error is assigned upon the giving of the following instruction at the instance of appellee:

" If the jury believe, from the preponderance of the evidence, that the defendant made and executed a note for $900 to Jacob Grimes, Sr., which note was dated on or about August 14, 1873, and by the terms thereof was to become due and payable in ten years after the date thereof, and that said note bore no interest, and if the jury further believe from the preponderance of the evidence that said Jacob Grimes, Sr., died in 1885, more than a year before the said note became due and payable, then there would be no presumption of law that said note was paid when the said Jacob Grimes, Sr., died, and the burden is on the defendant to prove that said note was paid by him, either to the said Jacob Grimes, Sr., in his lifetime, or to the plaintiff since the death of said Grimes, Sr., and if the defendant has not so proven the payment of said $900 note by a preponderance of the evidence, then, as to such note the jury should find for the plaintiff, as to the amount due thereon, with six per cent interest from the maturity of said note, less whatever payments, if any, the evidence may show were paid thereon."

It was averred in the declaration that the note was unpaid, and so it is always averred in an ordinary action upon a note which the plaintiff is able to produce.

Such a negative averment need not be proved, and it always devolves upon the defendant to show payment by affirmative and preponderating proof.

Here the making of the notes was established, and there were such facts as showed that the defendant had obtained possession of and destroyed a note not yet due and not bearing interest. Indeed there can be no question that he did so.

The law would cast upon him the burden of showing why he did it, and the justification interposed was based upon an alleged payment, and as the case stood, this was the only issue for the jury to try.

The *onus* as to this was properly placed upon the defendant.

The jury found for the defendant as to the note for $1,000 due before it was destroyed. With this finding the plaintiff appeared to be content, though there was considerable proof to show that if the money was paid to the intestate he did not reinvest it, nor did he have it on hand when he died, a very short time after the alleged payment.

The judgment will be affirmed.