## MARY F. MILLSAPS *v.* MOSES PFEIFFER et al.

1. CHANCERY PRACTICE—CROSS-BILL.—It is a settled doctrine in equity, that a defendant cannot pray anything in his answer, except to be dismissed from the court, with his costs. If he seek to obtain some necessary discovery of facts in aid of his defense to the original bill, or to obtain some relief founded on collateral claims of defendant, he should make his answer a cross-bill.

2. SAME—ELECTION OF REMEDY.—Although, by the statute of November 25th, 1861, the defendant is entitled to take the testimony of the complainant in the original bill, yet it does not oust the chancery court of its original jurisdiction of cross-bills, when filed, even for discovery only. The defendant has his election to take the testimony of complainant under the statute, or to resort to his cross-bill for discovery or for relief.

Error to the chancery court of Lincoln county. PEYTON, J.

Plaintiff in error made the following assignment of error:

The court below erred in sustaining the demurrer to the cross-bill filed with the answer.

*J. B. Chrisman*, for plaintiff in error.

No counsel for defendants in error.

PEYTON, C. J.:

It appears from the record in this case, that Mary F. Millsaps and R. W. Millsaps, her husband, instituted suit in the chancery court of Lawrence county, to restrain the sale of certain real estate in the town of Brookhaven, claimed by the said Mary F. Millsaps as her separate estate.

The bill alleges that in the month of March, 1863, the said Mary F., then the wife of S. W. Younkin, purchased of Thos. F. Rawls a certain parcel of land in the town of Brookhaven, in the county of Lawrence, at the sum of fifteen hundred dollars, and took a deed of conveyance of the same from the said Thomas F. Rawls and wife. That about the 30th day of March, 1867, the said S. W. Younkin, the former husband of the said Mary F., received in money the sum of three thousand seven hundred and fifty dollars, her separate property, and the same has been used in the purchase of said land and in erecting improvements thereon, and that in addition thereto, the complainant, Mary F., has expended the further sum of

two thousand three hundred and forty-four dollars on the said land; and that the same, with all the improvements thereon, is not now worth the amount that the land cost the said complainant.

That at the November term, 1868, of the circuit court of said county of Lawrence, a judgment in a proceeding by attachment was rendered in favor of J. Bloom and Moses Pfeiffer, against the said S. W. Younkin, for the sum of seventeen hundred dollars, and by the said judgment the said real estate is condemned to be sold as the property of said defendant, Younkin, and that a *venditioni exponas* has been issued, and said real estate is now advertised to be sold under it, on the 4th day of April, 1870, and that the same will be sold, unless the sheriff is restrained therefrom by the interposition of the court. That the property so levied on was, and is, the *bona fide* property of the said complainant, Mary F., and is not liable for the debts of her said former husband, nor is it subject to levy and sale under said judgment. And that if the sheriff be allowed to sell said property, the sale would cast suspicion upon the title of complainant, and subject her to the expense and annoyance of litigation with the purchaser at said sale. The bill prays for an injunction, and that the same may be perpetuated upon the final hearing of the cause.

The defendant, Moses Pfeiffer, in his answer to the bill, denies that complainant, Mary F. Millsaps, is the *bona fide* owner of said property, and charges that said parcel of land was bought and paid for by the said S. W. Younkin, her former husband, and that the conveyance was made to the said complainant, his wife, to hinder, delay and defraud his creditors; and after setting out various matters tending to impeach the good faith and fairness of the transaction between the complainant and her former husband, the defendant makes his answer a cross-bill, and calls upon the said complainants to answer various interrogatories propounded therein, and for relief.

The complainants demur to the cross-bill. The demurrer

was sustained, and the cross-bill was dismissed by the court. And from this action of the court, the cause comes here by appeal.

It is the settled doctrine of equity, that a defendant cannot pray anything in his answer except to be dismissed from the court. If he has any relief to pray, or discovery to seek, he must do so by a bill of his own, which is called a cross-bill. Lube's Eq. Pl., 39.

A cross-bill is a mode of defense, and from its very terms implies a bill brought by the defendant against the complainant in the original bill, either to obtain a necessary discovery of facts in aid of the defense to the original bill, or to obtain some relief founded on the collateral claims of the party filing it. It gives a perfect reciprocity of proof to each party, derivable from the answers of each.

It is more than probable that the court below acted under the belief, that, inasmuch as the defendants under the statute of November 25th, 1861, could have taken the testimony of the complainants in the original bill, there was no necessity for a cross-bill. Even conceding this to be true, it did not justify the court in sustaining the demurrer and dismissing the cross-bill.

This act does not oust the court of chancery of its original jurisdiction of cross-bills, when filed for discovery only. It furnishes a cumulative mode of obtaining the testimony of the complainants in the original bill, and does not take from that court the right to entertain such bills, even when they call for discovery alone, and much less when they call for both discovery and relief, as in the present case. The defendants, therefore, had their election, either to take the testimony of the plaintiffs in the original bill under the statute, or to obtain discovery from them by cross-bill.

For these reasons we think the court erred in sustaining the demurrer, and dismissing the cross-bill.

The decree must be reversed, the demurrer overruled, and the cause remanded, with leave to the defendants in the cross-bill to answer the same within sixty days from this date.