# WHEELING.

RUSSELL, ADM'R, *v.* DICKESCHIED.

Submitted January 26, 1884—Decided April 19, 1884.

1. If in an action of detinue the defendant claiming no interest in the property sought to be recovered, alleges that the same is claimed by a third person, and files the affidavit prescribed by the first section of chapter 102 of the Code, and such third person is compelled to interplead the plaintiff in said action and does so, and an issue is directed to try the title to said property, and such third person files his bill of discovery against said plaintiff, and an injunction is awarded thereon which was improperly dissolved, and an appeal be allowed from the decree dissolving the injunction, the Appellate Court will not enquire whether the order directing said interpleader was properly made or not. (p. 67.)

2. A party to an action at law needing a discovery from the opposite party may in a proper case file a bill of discovery against such

party and compel such discovery, although by sections 22 and 23 of chapter 130 of the Code he may compel such party *to* attend and be examined as a witness for him in relation to the same matters. (p. 69.)

3. It is not necessary in a pure bill of discovery to aver, that the discovery is absolutely necessary or indispensable for the maintenance or defence of the plaintiff's claim. It will be sufficient to state and show, that it is material evidence for him, although it be merely cumulative. (p. 70.)

4. Such a bill of discovery will not become a bill for relief, merely because it prays that a temporary injunction be awarded against the defendant restraining him from prosecuting his action at law, until he answers the bill. (p. 71.)

5. A temporary injunction awarded upon a proper bill of discovery to restrain the defendant from prosecuting her action of detinue, until she answered the bill, was on motion of the defendant dissolved without any answer thereto being tendered or filed. HELD :

The court erred in dissolving said injunction. (p. 71.)

WOODS, JUDGE, furnishes the following statement of the case :

On the —— day of ——————, 1883, Othilie Dickeschied brought against the Exchange Bank of Wheeling, in the circuit court of Ohio county, her action of detinue, to recover the sum of seven thousand four hundred and ninety-six dollars and seventy-five cents of silver coin contained in *fourteen* linen bags, which had been left with it for safe keeping on the —— day of March, 1883, by one Wenael Dickeschied, who afterwards stated it to be the property of the said Othilie Dickeschied. The appellant, having been appointed the administrator of one Guenther Schuchardt, who on the 19th of March, 1883, met with a sudden, violet and unexpected death, when he was in his usual health, having no reasonable or probable cause to fear or expect immediate death. Said administrator claimed that the said bags of coin were the property of his intestate, and that as his administrator, he alone was entitled to receive them.

The said Bank appeared to the said action of detinue and filed the affidavit of its cashier, stating that it had the said bags of coin in its possession and keeping; that it made no claim to them; that the same were left with it by Wenael Dick-

eschied on the —— day of March, 1883, for safe keeping, who subsequently stated them to be the property of Othilie Dickeschied; that the property was claimed by said administrator; that the Bank did not collude with said administrator, but was ready to deliver the said property to the owner thereof as the court might direct; and on the motion of said Bank, said administrator was made a defendant in the action of detinue, and was required to state the nature of his claim to the coin, to maintain or relinquish the same. The administrator appeared as required, claimed the coin as the property of his intestate, and denied that the said Othilie Dickeschied had any title thereto, and thereupon the court on her motion, directed an issue to be tried to ascertain whether the said coin or any part thereof, was, at the time her action of detinue was instituted, the property of the said administrator, in which issue he was made plaintiff and she defendant. At this stage of the inquiry, the administrator filed his bill in the said court against Othilie Dickeschied, alleging the foregoing facts, and then stated as follows:

"Your orator further shows, upon information and belief, that for many years before and until the time of his death, the said Guenther Schuchardt, deceased, resided in a house belonging to him in the said city of Wheeling, a portion of which was used by him as a drug store and the remainder of which was used and occupied by him as a dwelling; that for years before his death, the said Guenther Schuchardt had been in the habit of accumulating and hoarding coin; that some time before his death, the said Guenther Schuchardt concealed beneath the earth in a secret portion of the cellar of his said house, the silver money which is in controversy in the said action, and which at the time it was so concealed was the money and property of the said Guenther Schuchardt and of him alone; that the said last mentioned silver money remained in the said house until after the death of the said Guenther Schuchardt, and that it remained concealed under the earth in the said cellar as aforesaid, either until after the death of the said Guenther Schuchardt, deceased, or until the day before his death.

"Your orator further shows, likewise, on information and belief, that on the 19th day of March, A. D. 1883, the said

Guenther Schuchardt, deceased, met with a sudden, violent and unexpected death, and that until the last named day the said Guenther Schuchardt was in his usual health and in no fear or expectation of, and having no reasonable or probable cause to fear or expect immediate or proximate death.

"Your orator further shows, upon information and belief, that the said Othilie Dickeschied claims to be the owner of the said silver money now in controversy in said action.

"Your orator further shows that in the view of the facts of which he has information and belief, he is advised and says that the said last mentioned silver money was the property of the said Guenther Schuchardt at the time of his decease, and is now the property of your orator.

"Your orator is advised and says that it is material for him, in order that he may properly maintain his side of the issue in said action, that he should have the discovery hereinafter prayed with reference to certain of the matters in this bill set forth.

"In tender consideration whereof, and forasmuch as your orator is remediless in the premises save by the aid of a court of equity, your orator prays that the said Othilie Dickeschied may be made defendant to this bill and may be required to make full, true, direct and perfect answers to *every* of the following interrogatories—that is to say:

"1st. Whether for many years before and until his death, the said Guenther Schuchardt, deceased, resided in the said city of Wheeling, in a house belonging to him, a portion of which was used by him for a drug store and the remainder of which was used and occupied by him as a dwelling?

"2d. Whether for years before his death, the said Guenther Schuchardt had been in the habit of accumulating and hoarding coin?

"3d. Whether some time before his death the said Guenther Schuchardt concealed beneath the earth, in a secret portion of the cellar of his said house, the silver money which is in controversy in the said action?

"4th. Whether at the time it was so concealed as aforesaid, the said last mentioned money was the money and property of the said Guenther Schuchardt, now deceased, and of him alone?

"5th. Whether the said last mentioned silver money remained in the said house until after the death of the said Guenther Schuchardt?

"6th. Whether the last mentioned money remained concealed under the earth in the said cellar as aforesaid, either until after the death of the said Guenther Schuchardt, deceased, or until the day before his heath?

"7th. Whether on the 19th day of March, A. D. 1883, the said Guenther Schuchardt met with a sudden, violent and unexpected death?

"8th. Whether until the day last named, the said Guenther Schuchardt was in his usual health and in no fear or expectation of and having no reasonable or probable cause to fear or expect immediate or proximate death?'

"Your orator also prays that a temporary injunction, until the further order of your honorable court, to be made upon full, true and perfect answers being filed to this bill, may be granted, restraining the said Othilie Dickeschied, her attorneys, agents and servants, from further prosecuting the said action at law brought by her as aforesaid against the Exchange Bank of Wheeling, and in which your orator has been made a party as aforesaid. And your orator will ever pray, &c."

This bill was presented to the judge of said circuit court on the 19th of May, 1883, who refused to award the injunction prayed for. The same was then presented to a judge of this Court, who on the 22d day of May, 1883, awarded the injunction, and on the 25th of May, 1883, the said bill was filed in the circuit court of Ohio county. At a circuit court held for that county on the 28th day of May, 1883, the following order was entered:

"Henry M. Russell, Administrator of the Estate of Guenther Shuchardt, vs. "Othilie Dickeschied. ⎫⎬⎭ In Chancery.

"This day came the defendant, and in pursuance of notice given the complainant, moved the court to dissolve the injunction heretofore granted in this cause by Hon. Thomas C. Green, a judge of the Supreme Court of Appeals, which motion was argued by counsel, as well for the complainant

as defendant, and taken into consideration by the court;" and on the 5th day of July, 1883, the court entered the following order in the cause:

"This cause came on this day to be heard upon the bill and exhibits heretofore filed, and the motion of the defendant to dissolve the injunction heretofore granted in this cause, said motion having been made, entered, argued and submitted on the 28th day of May, 1883. Whereupon the court, having maturely considered the said motion to dissolve, doth sustain the same, and it is by the court ordered, adjudged and decreed that said injunction be dissolved."

From this order dissolving said injunction the administrator obtained an appeal and *supersedeas* to this Court.

*Daniel Lamb* for appellant.

*W. P. Hubbard* and *M. T. Frame* for appellee.

WOODS, JUDGE:

The only object of this bill was to obtain from the defendant a discovery of the specific facts referred to in the *eight* several interrogatories set forth in the bill. These facts are alleged by the plaintiff to be material for him in order to maintain his side of the said issue, and it is evident upon the reading of these interrogatories, founded as they are upon affirmative allegations of the bill, that if answered affirmatively, the answers would tend to show, that the said coin, at the time of his death was the property of the deceased, and therefore the property of the plaintiff.

There was no relief asked for, except that the defendant be enjoined from proceeding further in the trial of her action of detinue, until she answered the plaintiff's bill. It was a pure bill of discovery, to aid the plaintiff in the issue, to maintain his claim to said coin. The defendant filed no answer, and from the *expeditious* manner in which this case was disposed of, it was impossible to compel the defendant to answer. The bill having been filed on the 25th of May, no process thereon could have been returnable until the first Monday in June (the June rules) nor could the defendant have been in default, so as to authorize proceedings against

her for contempt in failing to answer the bill until the July rules, 1883. There was no demurrer to the bill, nor so far as this record shows, any question raised as to its sufficiency. In dissolving the temporary injunction upon motion, and before answer filed, the circuit court must therefore have treated the bill as so defective, either in form or substance, that the plaintiff was not entitled to the discovery sought, or that bills of discovery have been abolished. Much of the argument, and many of the authorities relied on by the counsel for the appellees, have been directed to the consideration of the question whether a bill of interpleader in this case could have been maintained by the said Exchange Bank, against the said administrator and Othilie Dickeschied, and whether the circuit court, under the proceedings in the action of detinue, could rightfully compel these parties to interplead each other. Neither of these questions can properly arise upon the record of the cause under consideration. This Court has no authority to reverse or correct the proceedings of the circuit court, had in said action at law, even if they had been erroneous, about which we express no opinion. If the circuit court erred upon the trial of that action, to the detriment of any of the parties, the remedy for the correction of the error, is not by a bill in chancery or by any proceedings thereon. Such error, if any there be, will not be noticed in this Court, but on the contrary, we will assume that the interpleader has been properly ordered.

Assuming this to be the fact, and that the administrator must maintain the issue on his part, or be forever barred in respect to any claim in respect to the fourteen sacks of silver coin, has he a right to maintain any bill of discovery? It is not directly asserted in argument, that bills of discovery can no longer be brought, but it is argued, that they are no longer necessary—that other remedies have been provided by statutes which will more cheaply, and conveniently accomplish the same result, and afford the same relief, and that, since the adoption of the statutes, allowing a court of law to compel a discovery upon oath to interrogatories filed to the opposite party, and declaring the parties to suits with few exceptions competent and compellable witnesses for or against each other, they ought not to be entertained.

Mr. Minor in his Institutes, vol. 4, page 1130 (margin), says, that "Bills of discovery are with us entirely superseded in practice by two statutory provisions, one allowing a court of law to compel a discovery upon oath in answer to interrogatories filed wherever it would be compelled upon a bill of discovery if the interrogatories have not been unreasonably delayed (Va. Code 1873, ch. 172, secs. 44 and 45,) and the other declaring parties to suits with some important qualifications to be competent to give evidence in their own behalf, and to be *competent and compellable* to attend and give evidence on behalf of any other party to the proceedings. (Va. Code 1873, ch. 172, secs. 21 and 22). But Minor does not pretend that by these statutes or either of them, bills of discovery are abolished in Virginia. Before the passage of these statutes, courts of law had no authority to compel the parties in an action at law to disclose any facts within their knowledge for the benefit of the opposite party, and being interested in the result or the subject-matter of the action they were incompetent to testify in their own behalf. The only means the party had under such circumstances of compelling a discovery from his adversary was by resorting to his bill of discovery in a court of chancery; and the necessity of compelling a discovery has always been recognized as one of the sources of the jurisdiction of a court of equity whether the same was exercised for the purpose of affording complete relief at its own bar, or of aiding other courts in the exercise of ther legitimate jurisdiction.

It is a well established rule, that if originally the jurisdiction has properly attached in equity in any case on account of the supposed defect of remedy at law, that jurisdiction is not taken away by the courts of law now entertaining jurisdiction in such cases where they formerly rejected it, for being once vested legitimately in the court, it must remain there until the Legislature shall abolish or limit it. Story's Eq. Jurisp. sec. 62 *i*; *Wayland* v. *Tucker*, 4 Gratt. 267. Nor is this jurisdiction to be taken away by express enactments conferring on courts of law the same jurisdiction, for unless there are prohibitory or restrictive words used, the uniform interpretetion is, that they confer concurrent and not exclusive remedial authority. Story's Eq. Jurisp. sec 80; *Redd,*

*&c.*, v. *Supervisors, &c.*, 31 Gratt. 698; *Segar* v. *Parrish,* 20 Gratt. 680.

The provision contained in section 39 of chapter 176 of the Code of Virginia, 1849, was repealed by the Code of West Virginia, 1868, as the revisors doubtless supposed that it was no longer necessary, as sections 22 and 23 of chapter 130 authorized the examination of the parties to the suit, in the same manner as any other witnesses might be examined. Before either of these statutes were adopted the party had the right to file his bill of discovery. There were neither restrictive nor prohibitory words in either of them, and therefore after their enactment this right still remained to him.

Neither the answers to the interrogatories, nor the answer of the defendant to the bill of discovery could be offered in evidence by him on his behalf. The party propounding the interrogatories, or filing the bill, was not obliged to offer the answers in evidence. In this manner he could sift the conscience of his adversary without peril to himself; and although he may now, if he desire to do so, compel his adversary to be examined as a witness, yet he may deem it a matter of the highest importance to learn from his answer to a bill of discovery, whether he can safely examine him as a witness. We are therefore of opinion that the statute authorizing parties to suits to be examined as witnesses has not deprived any party in a proper case of his right to resort to his bill of discovery. Was the plaintiff's bill so defective in form or substance that he was not entitled to the discovery asked for? The bill in this case was a pure bill of discovery, *asking no relief*, involving the necessity of no hearing thereof. It is true that it asked that until defendant answered the bill, she might be enjoined from further proceedings in her action of detinue; without this stay of proceedings, the discovery sought would, when obtained, be wholly fruitless. Story Eq. Pl. § 315.

The allegations of the bill showed the title of the plaintiff to the property in question; it showed the discovery was to be used in a civil suit between him and the defendant; that it was material to his defence in a court of general jurisdiction; that a large amount of property was involved; that the plaintiff, in his character of administrator, had a right to sue for and recover the property if his claim thereto is well

founded, and if the interrogatories in the bill were answered affirmatively, they would tend to establish his right to recover the said property; and that the discovery sought does not tend to criminate the defendant or subject her to any penalty or forfeiture, nor will it involve any degree of moral turpitude on the part of the defendant. While it is necessary in a bill of discovery to show that the discovery is material to the support of the party's claim asking the same and the manner in which it is material, it is not necessary to aver that the discovery is absolutely necessary or *indispensable* for that purpose. It will be sufficient to state and show that it is material evidence. Thus for example it is not necessary to allege in the bill that the plaintiff has no other witness or evidence to establish the facts of which the discovery is sought, for he is entitled to it, if it be merely cumulative evidence of material facts. Story's Eq. Pl. §§ 315–325; *McFarland* v. *Hunter*, 8 Leigh 492, 493; *March* v. *Davison*, 9 Paige 580; *Peck* v. *Ashley*, 12 Metc. 478; *Williams* v. *Wann*, 8 Blackf. 477; Min. Inst. vol. 4 marg. p. 1130.

But it is insisted in argument by the counsel for the appellee, that inasmuch as the plaintiff's bill prayed a temporary injunction, it was a bill for relief, and ought therefore to have averred that the plaintiff was unable to prove the facts of which a discovery is sought by any other evidence. As we have already seen, this averment is never necessary in a pure bill of discovery, wherein no relief is asked for, and no hearing thereof can be had. But, where the sole ground for the jurisdiction of a court of equity in any given case, is the necessity of a discovery, and relief consequent upon such discovery is prayed for, then it must appear by the affidavit of the party that he *has not, without the discovery*, the means of proving the fact, for it is only on that circumstance that the jurisdiction to grant the relief is founded. Minor's Inst. *supra*. The court cannot pronounce any judgment on the rights of the parties except upon the hearing of the cause. It follows therefore if any exercise of the jurisdiction of the court is prayed which involves the necessity of a hearing, and a decree or decretal order on those rights, the suit is thereby rendered a suit for relief, and is liable to all the incidents of that proceeding. On the other hand if the assistance which

is prayed in addition to the discovery or such as the court will give without a hearing of the cause, and no decree or decretal order be necessary on any rights as no judgment upon any right is required, the suit·is not a suit for relief. Judge Story discussing this question says "this distinction may be illustrated by a few common examples. It is a natural, if not a necessary incident, to the usefulness of a bill of discovery, that in the meantime, and until .the discovery is obtained the proceedings in the suit at law should be stayed; for otherwise the discovery might be wholly fruitless. Hence bills of discovery usually contain a prayer for an injunction until the discovery is obtained. In one sense this is a prayer for relief. But it being relief which is granted upon motion, without any hearing of the rights or merits involved in the cause it does not fall within the scope of this rule." Story Eq. Pl., *supra*.

It seems to us therefore, that the plaintiff's bill substantially and sufficiently sets forth everything material to show, that he was entitled to the discovery sought. Not being required, from the very nature of a .bill of dicovery, to take proof in support thereof, he could not be in default in not doing so, and therefore the familiar rule that requires a party who has obtained an injunction to be always ready to maintain it, and which authorizes a defendant at any time, to move for the dissolution thereof, can have no application in this case. We are therefore of opinion, that the circuit court erred in dissolving said injunction before the defendant had answered the bill, and that for this cause the decree of the circuit court rendered on the 4th day of July, 1883, dissolving the said injunction must be reversed, with costs to the appellant. And this Court proceeding to render such decree as the circuit court ought to have rendered, it is adjudged, ordered and decreed that the motion of the defendant, made on the 28th day of May, 1883, to dissolve the injunction heretofore awarded in this cause, be and the same is hereby overruled. And this cause is remanded to the circuit court for further proceedings according to the principles settled in this opinion and according to the principles governing courts of equity.

REVERSED.   REMANDED.