## BABBOTT *v.* TEWKSBURY.

*(Circuit Court, S. D. New York.   March 23, 1891.)*

EQUITY JURISDICTION—REMEDY AT LAW.
    A suit in equity for discovery and accounting will not lie upon a contract to pay complainant commissions on certain sales the amounts of which are unknown to the complainant, since he has a plain, adequate, and complete remedy at law.

In Equity.
*A. Dutcher*, for complainant.
*S. S. Perry*, for defendant.

LACOMBE, Circuit Judge.   This action is brought upon an alleged oral agreement by which the defendant agreed to pay the complainant (provided complainant would introduce defendant to the person or persons who owned and controlled certain patents) a commission of 5 per cent. on the capital stock of any companies defendant might form, or cause to be formed, for the use of said patents; and, in case of the sale of said patents for any territory by defendant, 5 per cent. of the amount of such sales. The complainant further alleges that he did introduce defendant

to the persons who controlled said patents; that through them, and **by** means of such introduction, defendant purchased and obtained the right to use said patents, and in part sold the same, realizing therefor a large amount of money, (the precise amount of which is unknown,) and also caused to be organized a corporation for the use of said patents, with a capital stock of $250,000. The complainant demands his 5 per cent. upon these sums, and, averring that he has asked for an account which has been refused, prays for discovery and for relief. The defendant has demurred, and the demurrer must be sustained. The complainant has a plain, adequate, and complete remedy at law, and therefore, under section 723, Rev. St. U. S., suit in equity cannot be sustained. Upon proof of his contract, and of the sale of the patent and the organization of the company, he can at law recover the full amount of his claim. Such proof can be secured without the aid of a court of equity. If the defendant is within the hundred-mile limit, he can be subpœnaed as a witness, and required by a *duces tecum* to produce his books and papers; if he is beyond that limit, his testimony may in like manner be taken under section 863, Id. All the facts within his knowledge may be thus proved as fully as they could be on an accounting. Moreover, under section 724, Id., he may be required to produce books or writings in his possession which contain evidence pertinent to the issue.

Demurrer sustained.