PATON *et al. v.* MAJORS.

*(Circuit Court, E. D. Louisiana.* May 7, 1891.)

1. EQUITY—ADEQUATE REMEDY AT LAW.
    Where it appears that complainants bought cotton of defendant, that defendant's agent who weighed it had an annual contract with him, guarantying him against loss by overweights, by which contract the agent was led to report weights which were, without defendant's knowledge, excessive, so that, though both complainants and defendant were innocent, there was paid to defendant a large sum in excess of the amount due for the cotton actually sold and received, the complainants' remedy at law is perfect by action for money had and received, and equity will not take jurisdiction.

2. SAME—DISCOVERY.
    *Semble,* since under Rev. St. U. S. § 869, either party may call the other as a witness, and, by *subpœna duces tecum,* require him to produce books and papers, the complainant cannot give jurisdiction to a court of equity, in a proceeding where his remedy is otherwise perfect at law, by asking for a discovery.

In Equity.   On demurrer to bill.
*Farrar, Jones & Kruttschnitt,* for complainants.
*Thomas J. Semmes,* for defendant.

BILLINGS, J.   The case is submitted on a general demurrer to the bill of complaint.   It being conceded that since the federal statute, (Rev. St. § 869,) which allows either party to call the other as a witness, and to require him, under a *subpœna duces,* to produce any papers or documents which are in his possession, takes away from the complainants any help which, without the statute, might have been theirs from regarding the bill as one of discovery, the question turns wholly on whether the complainant has, as to the case made by the bill, independently of discovery, an adequate remedy at law.   The cause of action stated in the bill is that the complainants bought of the defendant a large quantity of cotton, that the agent of the defendant, who weighed the cotton, had an annual contract with the defendant, guarantying him against loss by false weights, by which contract he was led to report weights which were, without defendant's knowledge, excessive, so that, both the complainants and the respondent being innocent, there was paid $4,200 to the defendant in excess of the amount due for the true amount of cotton sold and received, to recover which amount, with the aid of the discovery, the suit is brought.   The cause of action, then, is the excess of price of cotton sold which was paid and received through the fraud of the defendant's, the vendor's, agent.   Under our Code it would be a suit to recover a sum paid through error.   But this cause of action has a definite name and place in the common-law actions.   It would be classed with those actions falling under the head of *assumpsit* for money had and received. 1 Chit. Pl. p. 100; *Dana* v. *Kemble,* 17 Pick. 545.   The fact that it was for a fraud would not of itself bring it within the cognizance of a court of equity.   There must be some additional circumstance which must be found among those recognized as conferring equity jurisdiction. It is an action simply to recover money for a fraud, and it lacks all of those circumstances which give equity jurisdiction.   In *Buzard* v. *Hous-*

*ton,* 119 U. S. 347, 7 Sup. Ct. Rep. 249, the court, at page 352, 119 U. S. and page 252, 7 Sup. Ct. Rep., say:

"In cases of fraud or mistake, as under any other head of chancery jurisdiction, a court of the United States will not sustain a bill in equity to obtain only a decree for the payment of money by way of damages, when the like amount can be recovered at law in an action sounding in tort, or for money had and received. *Parkersburg* v. *Brown,* 106 U. S. 487, 500, 1 Sup. Ct. Rep. 442; *Ambler* v. *Choteau,* 107 U. S. 586, 1 Sup. Ct. Rep. 556; *Litchfield* v. *Ballou,* 114 U. S. 190, 5 Sup. Ct. Rep. 820. In England, indeed, the court of chancery, in cases of fraud, has sometimes maintained bills in equity to recover the same damages which might be recovered in an action for money had and received. But the reason for this, as clearly brought out by Lords Justices KNIGHT-BRUCE and TURNER in *Slim* v. *Croucher,* 1 De Gex, F. & J. 518, 527, 528, was that such cases were within the ancient and original jurisdiction in chancery, before any court of law had acquired jurisdiction of them, and that the assumption of jurisdiction by the courts of law, by gradually extending their powers, did not displace the earlier jurisdiction of the court of chancery."

The sixteenth section of the judiciary act of 1789, which declares "that suits in equity shall not be sustained in either of the courts of the United States in any case where plain, adequate, and complete remedy may be had at law," as construed by the supreme court of the United States, would, since it is conceded that this suit cannot be maintained as a suit for discovery, require that it should be brought on the law side of the court, where there might be trial by jury. This section does not change the line of demarkation between law and equity cases, but it adds the emphasis of the statute of congress to what was before an established rule of decision in the courts of equity.

The demurrer must be sustained, and the bill dismissed, without prejudice to complainants' right to sue at law.