COMMONWEALTH TRUST CO. et al. v. FRICK.

(Circuit Court, M. D. Pennsylvania.   February 27, 1903.)

No. 9.

1. FEDERAL COURTS—STATE PRACTICE—ATTACHMENT—RULE TO VACATE.
   Where a suit in equity was begun in a state court by foreign attach-
   ment, and the case was removed to the Circuit Court, the Circuit Court
   had jurisdiction of a rule on plaintiff to show cause of action, and why
   the attachment should not be dissolved on the pleadings; such rule being
   in accordance with the prevailing state practice.

2. SAME—PATENTS—ACCOUNTING—ACTIONS—JOINDER OF PARTIES.
   Where the deceased owner of a third interest in a patent prior to his
   death had made a general assignment for the benefit of creditors, a bill
   to compel the owner of another third interest to account for profits could
   not be maintained by deceased's assignee for the benefit of creditors in
   conjunction with deceased's executrix as co-complainant, defendants'
   liability to plaintiffs, if any, being several, and not joint.

3. SAME—CAUSE OF ACTION—STATEMENT.
   Where a bill for an accounting of profits derived from a patent de-
   pended on an agreement between plaintiffs' decedent and defendant, and
   the bill failed to allege whether the agreement was verbal or in writing,
   its consideration, how long it was to be in operation, and whether de-
   fendant was to have any compensation for what she did in organizing
   concerns to operate the patent, or as to expenses incurred, it was in-
   sufficient.

In Equity.   Rule to show cause of action, and why attachment
should not be dissolved.

H. M. Hinkley and H. A. Fuller, for plaintiffs.
Henry C. Terry and Willard, Warren & Knapp, for defendant.

ARCHBALD, District Judge.   This is a bill in equity, brought
against Mary E. Frick, a citizen and resident of New Jersey, by the
Commonwealth Trust Company, assignee for the benefit of creditors
of Abraham S. Patterson, in conjunction, as coplaintiff, with Mary M.
Patterson, the executrix of the said Abraham S. Patterson, who is
now deceased.   It seems from the bill that Mr. Patterson in his life-
time had a one-third interest in certain letters patent relating to ma-
chinery for the manufacture of structural tubing, Mrs. Frick having
another third, and Thomas J. Price the other.   It is charged by the
plaintiffs that Mrs. Frick and Mr. Price, making use of this patent,
formed various partnerships, and entered into numerous agreements,
the details of which are given in the bill, from which large profits
were derived, and the suit is brought to compel an accounting by Mrs.
Frick for Mr. Patterson's share, which it is claimed that she received.
The bill was originally filed in the common pleas of Montour county,
and, Mrs. Frick, being a nonresident of the state, a writ of foreign
attachment was issued upon it in pursuance of the provisions of the
Pennsylvania statute, Act May 23, 1887 (P. L. 163); and, the case
having been removed by the defendant into this court, and a motion
to remand refused, it now comes up on a rule taken on the plaintiffs
to show cause of action, and why the attachment should not be dis-
solved.   This is in accordance with the prevailing state practice with
respect to such writs in actions at law (2 Troubat & Haly Pract. §

2271); and it must be regarded as having been adopted and carried forward by the statute, so far as applicable, in extending the writ to other cases. Had the case remained in the state court, therefore, the present rule would have been undoubtedly available to the defendant, and the federal court is invested with the same authority to entertain it. Cady v. Associated Colonies (C. C.) 119 Fed. 420. It may seem somewhat out of place in strict equity practice to move the court in this way, but it calls for no more, after all, than an examination of the plaintiffs' bill to see whether they have a case on the merits, and to relieve the defendant in a summary way from the oppressive effect of the attachment if they have not (Vienne v. McCarty, 1 Dall. 154, 1 L. Ed. 79); a control over the case which is equitable in character, and to be exercised, therefore, in this forum as much as in any other. In the case in hand a large amount of property has been seized on the writ, and bail in the sum of $40,000 is demanded to dissolve it; so that the defendant is liable to serious injury unless she can obtain the present relief, if otherwise entitled to it.

It seems to me that no extended examination is required to show that the bill cannot be maintained as it stands. The suit is to enforce the alleged rights of Abraham S. Patterson to one-third of the profits received on account of the patent mentioned. If the general assignment for the benefit of creditors which he executed to the Commonwealth Trust Company in February, 1897, was effective to transfer the interest which he had in these properties—which is questioned—they are recoverable by the assignees, and by them alone. No one else is entitled to any part until it is found that more than enough has been realized from this and other property to satisfy the creditors for whom the trust was created, and that can only be told after an account has been filed, and distribution made in due course. At that time, if anything over remains, it will go to the personal representatives of Mr. Patterson, who is now deceased; but that gives them no standing to demand anything of Mrs. Frick here and now. On the other hand, if, as is contended by counsel for the defendant, nothing with respect to this patent passed by the assignment, then Mrs. Frick, if to account at all, must account not to the assignees, but to the decedent's estate, which is, of course, an entirely different and distinct matter. The extent of the liability in each case may be the same, but it is a several liability to one or the other, and not a joint liability to both. There is no suggestion in the bill as to why the assignee and the executrix are joined, and I can discover none. If it is to proceed further, therefore, one or the other would have to drop out, and with such an amendment the attachment would, of course, fall.

But this is not the only defect in the bill. The life of it is the alleged agreement between Mrs. Frick and Mr. Patterson, referred to in the tenth paragraph, with regard to which we have a most meager and inadequate statement. There was no suggestion when it was made, nor upon what consideration, nor whether it was in writing or by word of mouth. It is also pertinent to inquire how long it was to run, and whether Mrs. Frick was to have any compensation for what she did in the way or organizing business concerns to operate under the patent, as well as what was to be done with respect to the ex-

penses incurred. The plaintiffs set up, not a trust which might permit of the adjustment of these matters equitably, but an agreement which necessarily speaks according to its own terms, and we are entitled to have something definite and specific with regard to them. On the character of the agreement depends in large measure the question whether a bill in equity will lie, or whether an action at law must be resorted to (Reeside's Ex'r v. Reeside, 49 Pa. 322, 88 Am. Dec. 503); and, as this goes to the jurisdiction, it is not to be left in doubt. If Mrs. Frick, according to the alleged agreement, was simply to pay over, without deduction, one-third of what she received, it is difficult to see why there is not a complete and adequate remedy at law; and the mere fact that the plaintiffs may not know how much it is does not necessarily entitle them to come into a court of equity. Babbott v. Tewksbury (C. C.) 46 Fed. 86. This is not all, perhaps, that could be said with regard to the bill, but it is enough to show that it is radically defective, and that the defendant should be relieved from the effect of the attachment which was issued upon the strength of it.

The rule to show cause is made absolute, and the writ of foreign attachment is dissolved.