[S. F. No. 3393. In Bank.—June 26, 1903.]

WILLIAM H. WRIGHT et al., Petitioners, v. SUPERIOR COURT OF SANTA CLARA COUNTY, and W. G. LORIGAN, Judge, Respondents.

PROHIBITION—INJUNCTION—ACTION PENDING IN ANOTHER COURT— JURISDICTION.—The superior court of one county has no jurisdiction, upon a bill of discovery filed therein, to enjoin the parties from proceeding with the trial of a prior action pending between them in the superior court of another county, and prohibition will lie to prevent the enforcement of such injunction. [Shaw, J., dissenting.]

ID.—BILL OF DISCOVERY—EXISTENCE OF REMEDY.—The remedy by bill of discovery, owing to the existing powers of the trial court as to the production of evidence, does not exist under our system of procedure. [*Per* Van Dyke, J., and Henshaw, J. McFarland, J., and Angellotti, J.; expressing no opinion. Shaw, J., dissenting.]

PROHIBITION to the Superior Court of Santa Clara County. W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

W. H. Linforth, for Petitioners.

D. M. Delmas, for Respondents.

VAN DYKE, J.—The petition for the writ in this case states that on the 28th of March, 1902, Myra E. Wright, one of the petitioners herein, commenced an action as plaintiff

against the Jersey Island Packing Company, a California corporation, for the purpose of recovering eighty-five thousand dollars advanced by her to the said corporation, and which it had failed and refused to repay; that the defendant in said action being served, appeared and answered therein, denying said indebtedness, and joining issue with the facts alleged in the complaint; that thereafter, by an order of said superior court, said action was set for trial for Monday, November 17, 1892, at the hour of ten o'clock; that when said cause was called for trial on that day, the attorneys for the respective parties plaintiff and defendant announced themselves ready for trial, and thereupon, without any objection upon the part of the defendant, the Jersey. Island Packing Company, the judge of said department five, in which the cause was set for trial, directed the clerk of said court to call a jury for the trial thereof, and the clerk thereupon drew from the trial jury-box of said department twelve jurors, who answered to their names and took their seats in the jury-box. Immediately thereafter one of the attorneys for said defendant served upon the petitioners herein, William H. Wright and Walter H. Linforth, a copy of the complaint and summons, and the injunction in the action brought by said Jersey Island Packing Company in Santa Clara County against said plaintiffs in said action, then on trial in the superior court of San Francisco,—to wit, Myra E. Wright and William H. Wright,—for the purpose, among other things, of restraining said Myra E. Wright and her counsel from proceeding with the trial of said action for recovery of the said eighty-five thousand dollars against the said Jersey Island Packing Company; that none of the petitioners herein or their attorneys had any knowledge or notice of the commencement of said action or issuance of the injunction therein until the service of the papers as aforesaid in department five of the superior court of the city and county of San Francisco; that the office and principal place of business of the said Jersey Island Packing Company is, and always has been, the city and county of San Francisco, and that the residence of said Myra E. Wright and William H. Wright has been for more than a year last past continuously, and is still, in the said city and county of San Francisco, which fact was well

known to said Jersey Island Packing Company and to its attorneys at the time of the commencement of the action so brought in said superior court of Santa Clara County. The said action brought in Santa Clara County by the Jersey Island Packing Company against the petitioners Myra E. Wright and William H. Wright was in the nature of a bill of discovery to obtain the testimony of the said Myra E. Wright, alleging that the said testimony to be obtained was material and necessary for the defense in the action in the superior court of the city and county of San Francisco then pending. It is further alleged that the said William H. Wright and Myra E. Wright appeared in the said action brought in the county of Santa Clara, served and filed their demurrer therein, and at the same time served upon the attorneys of the said Jersey Island Packing Company their notice of motion for a change of the place of trial from said superior court to the superior court of the city and county of San Francisco, and at the same time served and filed their demand for the said change of the place of trial, and also a proper affidavit setting forth the residence both of the plaintiff and defendants in said action to be in the city and county of San Francisco; that the judge of said superior court of Santa Clara County, upon the affidavit of one of the attorneys for the said Jersey Island Packing Company, made an order directing the petitioners to appear before him at his courtroom, in the city of San José, on the twenty-first day of November thereafter, to show cause why they should not be punished for contempt for violating the injunction order heretofore referred to, by proceeding with the trial of the case in the superior court of the city and county of San Francisco, as aforesaid. The injunction order referred to commanded the petitioners Myra E. Wright and William H. Wright, as plaintiffs in said action, to refrain from proceeding with the trial by the impanelment of a jury, examination of witnesses, or in any manner whatsoever in said action against the Jersey Island Packing Company, defendant, "now and heretofore pending in the superior court of the state of California in and for the city and county of San Francisco, and assigned to department five of said superior court."

From these facts, which are admitted by the demurrer, two

main questions are presented for consideration: 1. Under the present condition of the practice, is the so-called bill of discovery as a separate proceeding still in force? and 2. Is it competent for one superior court to enjoin the trial of an action pending in another superior court, properly brought therein, and of which it has jurisdiction?

A bill of discovery in the old chancery courts was an auxiliary or assistant proceeding to the courts of law, and arose from the defects in the courts of common law to compel a complete discovery by the oath of the parties in the suit. (2 Story's Equity Jurisprudence, secs. 1480-1484.)

Modern legislation, however, has greatly interfered with the practical exercise of the auxiliary jurisdiction for discovery, by introducing simpler and more efficacious methods in its stead, and thus rendering resort to it unnecessary, and even inexpedient. In some of the states a suit for discovery, properly so called, is expressly abolished by statute, and in all of them is utterly inconsistent with both the fundamental theory and with the particular doctrines and methods of the reformed procedure. (Pomeroy's Equity Jurisprudence, sec. 193.) Even under the old system it was laid down as a rule that courts of equity would not entertain a bill for discovery to assist a suit in another court, if the latter of itself was competent to grant the same relief; for, as said, in such a case the proper exercise of jurisdiction should be left to the court where the suit was depending. (2 Story's Equity Jurisprudence, sec. 1495.) In this state, as well as most of the other states at this time, the parties to the action, as well as other interested persons, may be witnesses compellable to give testimony in an action or proceeding (Code Civ. Proc., sec. 1879), and for disobedience to subpœna, or refusal to be sworn or answer as a witness, the party to the action may be punished as for contempt, and his complaint or answer may be stricken out. (Code Civ. Proc., sec. 1991.)

Under the present conditions, therefore, the auxiliary proceeding of a bill for discovery in a separate court is altogether unnecessary, as the court in which the action is to be tried possesses all the necessary power to attain the same result. Full relief can now be obtained and granted in the same tribunal. Hence, there is no longer any reason or necessity

for a separate proceeding in another forum for the purpose
of aiding the court in which the action is pending in the trial
of the cause, and it is a legal maxim that, when the reason of
a rule ceases, so should the rule itself; and, therefore, al-
though the separate proceeding by bill of discovery has not
been expressly abolished in our state, as it has been in most
of the others, under our system of courts and judicial pro-
cedure it could not well exist in this state.

If the trial of an action before a court of competent juris-
diction in the city and county of San Francisco can be inter-
rupted by filing a so-called bill of discovery in Santa Clara
County, any action pending or on trial in any part of the
state may be suspended by a like collateral proceeding com-
menced in another county, and in the most distant part of the
state. And the action thus suspended, in the midst of a trial,
might be tied up a year or two, until demurrers and motions
for change of venue in such collateral proceeding could be
disposed of, and appeals from the judgment therein, and from
its various branches, could be finally determined. Such a
practice would be simply intolerable. Even in England,
whence our system of jurisprudence was originally borrowed,
the distinction between courts of equity and courts of law
has been abolished, and there is therefore in that country no
longer any necessity for the so-called bill of discovery to aid
another court in the trial of an action at law.

2. Because the constitution confers upon the superior court
jurisdiction in cases of equity, it does not follow that the
legislature is thereby prohibited from regulating the practice
and proceedings in such cases. At the time Judge Story
compiled his work on the subject of Equity Pleading, he said:
"Equity pleading has, indeed, now become a science of great
complexity, and a very refined species of logic, which it re-
quires great talents to master in all its various distinctions
and subtle contrivances, and to apply it, with sound dis-
cretion and judgment, to all the diversities of professional
practice." (Story's Equity Pleading, sec. 13.)

No one would pretend that the old mode of practice and
forms of pleading in equity are in force in this state any
more than the old forms of pleading at common law. From
the beginning, in this state, the practice, pleadings, and pro-

ceedings in equity, as well as at common law, have been regulated by statute. We have but one form of action, and that applies to equity as well as law, and the pleadings in all civil actions, and the rules by which their sufficiency is determined, are prescribed by the code. (Code Civ. Proc., sec. 421.) We have no so-called bill in equity—either for discovery or for any other relief—with its formal parts according to the old practice referred to by Judge Story. Instead thereof we have the same form of complaint as in actions at law, merely consisting of "a statement of the facts constituting the cause of action in ordinary and concise language." (Code Civ. Proc., sec. 426.) If the legislature can thus radically change the pleadings and practice in equity proceedings, as it has done, it cannot be doubted that it possesses the power also to regulate the practice of granting preventive relief, including injunctions. Under the title of "Specific and Preventive Relief," in the Civil Code, it is declared: "Specific or preventive relief may be given in the cases prescribed in this title, and in no others." Then follow the cases specified, being three in number, none, however, relating to the case at bar, and by section 3423, under the same title, it is declared that an injunction cannot be granted "to stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings." (Civ. Code, secs. 3366, 3423.) It is not pretended, nor could it well be, that the injunction in this case was to prevent a multiplicity of actions or proceedings; on the other hand, it added another action to the one already pending. And in the action then pending in the city and county of San Francisco the testimony sought to be had in the action or proceeding in the county of Santa Clara by the so-called bill of discovery could have been taken and used in the former action. Therefore, the action or proceeding now under consideration was not only unnecessary, but expressly prohibited by the code. In *Spreckels* v. *Hawaiian etc. Co.,* 117 Cal. 377, these sections of the code were fully considered, and it was there held that the provisions of the Civil Code upon the subject of specific and preventive relief are designed to cover the whole subject, and are not mere rules of procedure, but define and regulate

rights, and that the constitutional grant to the superior court of jurisdiction in all cases of equity was not intended as a limitation upon the power of the legislature to regulate the rights of persons; and the legislature may either create new rights under which new cases in equity may arise, without endangering the jurisdiction of the courts of equity, or may cause some rights to cease to exist so that certain cases which courts of equity once entertained can no longer arise, without diminishing the jurisdiction of the superior courts in all cases in equity.

The superior court of Santa Clara County was without jurisdiction to enjoin the action then pending in the city and county of San Francisco, or the parties plaintiffs (respondents herein) from prosecuting said action.

A peremptory writ of prohibition is granted as prayed.

Henshaw, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment granting the writ, and in most that is said in the opinion of Mr. Justice Van Dyke,—except that in this case it is not necessary, in my opinion, to pass upon the question whether under our law a bill of discovery can under any circumstances be maintained.

If section 3423 of the Civil Code, which expressly prohibits the granting of an injunction "to stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded," except to prevent a multiplicity of suits, is not unconstitutional, then the Santa Clara court had no jurisdiction to enjoin the trial of the case in the San Francisco court. Of course, there is a distinction between a want of jurisdiction in a court and a failure in a complaint to state facts sufficient to constitute a cause of action; but a court has no jurisdiction to do an act absolutely prohibited by law.

That the provision of section 3423 above quoted was within the constitutional power of the legislature to enact I have no doubt. It was so held expressly in *Spreckels* v. *Hawaiian etc. Co.*, 117 Cal. 377, where the question was directly raised and necessarily determined. In that case, in answer to the contention made there, as here, that because our state constitution gives to the superior courts "jurisdiction in all cases in

equity," therefore said section was unconstitutional, the court, speaking of the general equitable jurisdiction given to those courts by the constitution and the provisions of the code restricting injunctions, says that such jurisdiction is not "diminished when by statutory changes some rights cease to exist, and certain cases which courts of equity once entertained can no longer arise," and that the constitutional grant of equitable jurisdiction "was not intended as a limitation upon the power to legislate upon the rights of persons." Indeed, to hold otherwise would be to hold that the laws of England and the rights of persons there, so far as they were recognized and enforced by courts of equity in that country, must ever be the law and the rights of persons in California, beyond the possibility of change by legislative action here. The provision of our constitution giving to certain courts jurisdiction in cases of equity merely means that whenever, *under our laws,* proper cases in equity arise, those courts have jurisdiction of such cases. The state legislature has all legislative power not prohibited by the constitution; and there is nothing in the constitution which prohibits the legislature from enacting that persons shall not have the right to have injunctions issued, receivers appointed, etc., in certain instances or for certain purposes.

The cases cited to maintain the opposite view—except, perhaps, the case of *Gregory* v. *Diggs,* 113 Cal. 196—are not in point. They are mostly cases where the execution of a judgment was enjoined upon the ground that it had been satisfied, or where the action was to set aside a judgment on the ground of fraud in procuring it; and section 3423 can hardly be said to be applicable where the action or proceeding has terminated in a final judgment. Moreover, section 3423 was not called to the attention of the court in those cases, or discussed. In *Gregory* v. *Diggs* there were pending two actions arising out of the same identical transaction,—one in a justice's court, and the other in the superior court,—the demand of the parties involving only legal issues; and the main question was the right to consolidate the two actions and to compel the litigation of the whole matter in the one court. The plaintiff, as defendant in the justice's court, had pleaded a counterclaim which was in amount beyond the jurisdiction of

the justice, and the court said: "If the counterclaim sought to be set up did not grow out of the same transaction, and did not involve a trial and determination of the same precise issue, so that the determination of one case could be pleaded as a bar to the other, the case would be different." Of course, there could be no consolidation if the trial of the two actions proceeded in the two courts. It is evident that this court had before its mind prominently the matter of consolidation; and the case is not authority for the proposition asserted by respondent in the case at bar.

Angellotti, J., concurred with McFarland, J.

SHAW, J., dissenting.—The proceeding is for prohibition. By the terms of the statute the writ cannot issue unless the court below is acting without jurisdiction. This is the controlling factor in the case. A failure to state facts sufficient to constitute a cause of action, or, in other words, to state facts which show that the plaintiff has a right of action, must not be confused with a lack of jurisdiction. The first proposition has no bearing at all on the decision of the case, while the latter is essential to the decision of the majority of the court. And yet the decision is based on the first proposition entirely, as will be shown.

The sole question is whether or not the superior court has jurisdiction to entertain the proceeding known in equity jurisprudence as a bill of discovery. It is, of course, conceded that this proceeding constituted one of the branches of equity jurisdiction at the time of the adoption of the constitution of this state in 1849. Section 6 of article VI of that constitution conferred upon the district courts "original jurisdiction in all cases in equity." Under this clause this court decided that "the equity jurisdiction with which our district courts are invested under the constitution is that administered in the High Court of Chancery in England." (*People* v. *Davidson,* 30 Cal. 391; *Rosenberg* v. *Frank,* 58 Cal. 400.) The constitution of 1879, in the same language, conferred the same jurisdiction on the superior courts (art. VI, sec. 5), and, upon a familiar principle of construction, the provision is not to be construed as having been repealed and re-enacted, but as having been continued in force, with the superior courts substi-

tuted as the recipients, instead of the former district courts. The constitution, therefore, gives to the superior courts all the jurisdiction of courts of equity as it formerly existed. It necessarily follows that the superior courts have jurisdiction of bills of discovery.

The majority of the court seek to escape from this inevitable conclusion by resort to the provisions of section 3423 of the Civil Code, to the effect that no injunction shall be granted "to stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded."

Of course, it must be admitted that, if this provision of statute law acts upon the jurisdiction of the court as given by the constitution, the law is unconstitutional. The force of this proposition is sought to be evaded by the statement that it does not act upon the jurisdiction of the court, but that it is a limitation upon the rights of persons to maintain an action. It was on this ground that the section was held valid in *Spreckels* v. *Hawaiian etc. Co.*, 117 Cal. 377. But it will be seen that, if the section is upheld on this ground, and it can be upheld on no other, we at once leave the question of jurisdiction, which is the only question in the case, and enter upon an inquiry whether or not the plaintiff in the injunction suit has stated facts sufficient to show that he, personally, has a right of action, which is an inquiry foreign to the case in hand. The majority opinion rests for its support on its conclusion that this section, by depriving a plaintiff of a right of action, ousts the court of its jurisdiction. In a proceeding for a writ of prohibition it can make no difference whatever whether the complaint in the proceeding sought to be prohibited states a cause of action or not. The court has jurisdiction of the subject-matter, as well upon a bad pleading as upon a good one. And even if the defect is of such character that an amendment to make it good is impossible, still the point is one to be raised on appeal and not in prohibition.

This court is beset with enough applications for the exercise of its original jurisdiction at the best, and it ought not to relax in the least the rigidity of the technical rules with which that jurisdiction is surrounded and limited.

On the score of authority the opinion of the majority has

no substantial support. They are overwhelmingly to the effect that the statutes making parties competent witnesses, requiring interrogatories to be answered before the trial, and for the production of papers do not oust equity courts of their pre-existing jurisdiction to entertain suits of discovery. (*Post v. Toledo etc. Co.*, 144 Mass. 341; [1] *Russell v. Dickeschied*, 24 W. Va. 61; *Union Pacific Ry. Co. v. Mayor*, 71 Md. 238; *Millsaps v. Pfeiffer*, 44 Miss. 805; *Howell v. Ashmore*, 9 N. J. Eq. 91; [2] *Shotwell v. Smith*, 20 N. J. Eq. 81; *Cannon v. McNab*, 48 Ala. 99; *Shackelford v. Bankhead*, 72 Ala. 476; *Handley v. Heflin*, 84 Ala. 600; *Wood v. Hudson*, 96 Ala. 471; *Elliston v. Hughes*, 1 Head, 227; *Grimes v. Hilliary*, 38 Ill. App. 246; *Kendalville Refrigerator Co. v. Davis*, 40 Ill. App. 616; *Ames v. New Jersey Franklinite Co.*, 12 N. J. Eq. 68; [3] *British Empire Co. v. Somes*, 3 Kay & J. 433; *Colgate v. Compagnie etc.*, 23 Fed. 82; Pomeroy's Equity Jurisprudence, sec. 193; 6 Ency. Pl. & Prac., p. 740.)

There are a few cases which, without much consideration, use language which, if not considered with reference to the manner in which the point arose, might be understood as denying this jurisdiction to courts of equity under modern conditions. But it will be found, almost without exception, that they are cases where the inquiry was not with respect to the jurisdiction of the court, but with regard to the existence of an ample remedy at law which made it unnecessary to resort to the aid of equity. (*Bond v. Worley*, 26 Mo. 254; *Hall v. Joiner*, 1 S. C. 190; *Rindskopf v. Platto*, 29 Fed. 132; *Heath v. Erie Ry. Co.*, 9 Blatch. 316; *Riopelle v. Doellner*, 26 Mich. 102; *Preston v. Smith*, 26 Fed. 884; *Reddington v. Lanahan*, 59 Md. 440; *Paton v. Majors*, 46 Fed. 210; *Babbott v. Tewksbury*, 46 Fed. 86; *Drexel v. Berney*, 14 Fed. 268.) But in *Brown v. Swann*, 10 Pet. 500, and *Ex parte Boyd*, 102 U. S. 657, it was conceded that the jurisdiction in equity still exists, though there is now seldom occasion to call for its exercise. If the jurisdiction exists in the superior court, there is no ground for the issuance of a writ of prohibition. The question of the necessity for the exercise of the jurisdiction, or the right to maintain a suit for discovery, as

---

[1] 59 Am. Rep. 86.                    [3] 72 Am. Dec. 385.
[2] 57 Am. Dec. 271.

a personal right, can only arise on appeal, or in some other form of attack where those questions are involved.

Rehearing denied.