[S. F. No. 1608. In Bank.—October 2, 1906.]

## UNION COLLECTION COMPANY, Petitioner, v. SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

CREDITOR'S BILL—UNPAID SUBSCRIPTIONS TO STOCK OF CORPORATION—UNTENABLE PROCEEDING TO DISCOVER WHEREABOUTS OF UNSERVED DEFENDANTS.—A proceeding to compel one of many stockholders in a corporation made defendants to a creditor's bill to reach their unpaid subscriptions to its stock, to testify to or discover the whereabouts of other defendants, to enable plaintiff to serve them with summons, is untenable and without jurisdiction in any form. It cannot be authorized by the court by way of subpœna, nor is it the subject of a deposition under the Code of Civil Procedure.

ID.—MEANS TO CARRY JURISDICTION INTO EFFECT—CONSTRUCTION OF CODE.—Such proceeding is not authorized by section 187 of the Code of Civil Procedure as a means of carrying jurisdiction into effect. That section does not attempt of itself to confer jurisdic-

tion, but merely operates to enable the court to exercise a jurisdiction otherwise created.

ID.—BILL OF DISCOVERY.—A suit in equity in the nature of a bill of discovery, when tenable, must relate only to a discovery of documents or other evidence which pertains to the merits of a pending action or one about to be instituted; and it cannot be used to establish facts collateral to the merits, to enable a plaintiff to bring defendants within the jurisdiction of the court.

APPLICATION for Writ of Mandate to the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

J. S. Reid, for Petitioner.

C. H. Sooy, and Eastin, Sooy & Dorn, for Respondents.

SLOSS, J.—An alternative writ of mandate having been issued by this court, the respondents demur to the petition, and thus raise the question whether the following facts, set forth in the petition, are sufficient in law to authorize the granting of the relief sought.

The Union Collection Company, petitioner herein, commenced an action in the superior court of the city and county of San Francisco against some two hundred and forty defendants, stockholders of the El Dorado Exploration Company, a corporation, to compel the payment by such defendants of the unpaid subscription price of their shares for the purpose of satisfying a judgment against said El Dorado Exploration Company, held by petitioner. Summons was issued, and was served on some of the defendants, but petitioner has been unable to ascertain the whereabouts of many of the defendants, and these have consequently not been served, nor have they appeared in the action.

In order to get the information necessary to enable it to make service, the petitioner filed in the superior court an affidavit alleging that it could not ascertain the whereabouts of many of the defendants not served except by examining persons connected with the El Dorado Exploration Company; that one of such persons was Mrs. Elizabeth M. Ustick, who refused to give any information which would enable the peti-

tioner to cause summons to be served, and praying for an order requiring Mrs. Ustick to appear before the court to be examined "concerning her knowledge as to the whereabouts of the defendants not served." An order was made as asked, and a subpœna issued and served on Mrs. Ustick. She appeared at the time set and objected to the court proceeding in the matter upon the ground that the court had no jurisdiction. The court sustained her objection, refused to cause her to be sworn, and ordered that she be discharged from further appearance in the matter. The purpose of the present proceeding is to obtain a writ of mandate directing the respondent court and judge to require Mrs. Ustick to be sworn as a witness and to give her testimony in respect to the matter stated in the affidavit. The sole question to be determined is whether the superior court of this state has jurisdiction to compel the defendant, or a stranger to a pending action, to appear before it prior to trial and be examined as to the whereabouts of certain defendants, in order that they may be served with summons.

It is not contended by the petitioner that the proposed examination of Mrs. Ustick was authorized by the provisions of the code relative to the taking of depositions. On the contrary, the argument is that because there is no specific statutory method applying to such a case as this the court should compel the giving of the desired information in some suitable mode to be adopted by it. This position is based upon section 187 of the Code of Civil Procedure, which reads: "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

If the superior court in which an action is pending has jurisdiction to compel the giving of information as to the whereabouts of defendants whom it is desired to serve with summons, it may be assumed, for the purpose of this discussion, that the "process or mode of proceeding" employed was suitable and conformable to the spirit of the code. But section 187 obviously does not attempt in itself to confer jurisdiction. It

merely operates to enable the court to exercise a jurisdiction otherwise created.   (*Tulare County* v. *Kings County*, 117 Cal. 195, 203, [49 Pac. 8].)   We are thus brought back to the original question of the power of the superior court, by any mode of procedure, to compel the giving of the information here sought to be obtained from Mrs. Ustick.

The alleged power is sought to be derived from the constitutional grant to the superior courts of jurisdiction in "all cases in equity" (Const., art. VI, sec. 5), including, as is claimed, the power to entertain proceedings in the nature of bills of discovery.   It is not necessary here to decide the question adverted to, but not definitely determined, in *Wright* v. *Superior Court*, 139 Cal. 469, [73 Pac. 145], whether a bill of discovery can under any circumstances be maintained in this state.   Whatever may be the ultimate conclusion on this mere matter of procedure, we have no doubt that the superior court, under the constitutional provision cited, has the power, by some sort of process, to compel a discovery in all cases in which, under the established rules of chancery practice existing at the time of the adoption of the constitution, a party would have been entitled to this relief.

Is the present case one for a discovery under these rules? We think not.   A bill of discovery seeks the disclosure of facts within the knowledge of the defendant, or of papers in his possession, in aid of some other action or proceeding.   The discovery may be sought in the same suit in which the ultimate relief is pursued, or it may be sought merely in aid of some other proceeding pending or to be brought.   But whether the bill be for discovery and relief, or for discovery only, it is well settled that the matters as to which discovery is sought must be material to the existing suit or to the one which is to be instituted.   (6 Ency. of Plead. & Prac., 740; Bispham on Principles of Equity, 4th ed., sec. 560; 1 Pomeroy's Equity Jurisprudence, 3rd ed., sec. 201.   See, also, many cases cited in 16 Century Digest, cols. 1991, 1992.)   Here the action in aid of which the plaintiff claims the right to a discovery was already pending.   The matters as to which disclosure is sought are in no way material to the issues presented by the main action in the court below, and a disclosure of them will not assist the plaintiff therein (petitioner here) in establishing its case.   The facts constituting the cause of action are fully

known to the plaintiff, and have been set forth by it in its complaint. What it seeks now is not the disclosure of facts relevant to the cause of action or which will assist in establishing it, but of facts, entirely collateral to the merits, which will enable it to bring defendants within the jurisdiction of the court. No case has been cited which extends the right of discovery to a state of facts such as is here presented. In *Post* v. *Toledo etc. R. R. Co.,* 144 Mass. 341, [59 Am. Rep. 86, 11 N. E. 540], the plaintiff, creditor of a corporation, was allowed a discovery of the names of stockholders, in order that he might enforce the individual liability of such stockholders. But the names of such stockholders constituted information which was essential to plaintiff in order that he might frame his proposed declaration or complaint and institute his action. While the name and identity of the proposed defendants are certainly material to a cause of action about to be instituted, the whereabouts of defendants who are known and who have been made parties, cannot be said to be material to an action already pending against them. *Hoppock's Executors* v. *United N. J. R. R. and C. Co.,* 27 N. J. Eq. 286, (reversed on a ground not here involved in 28 N. J. Eq. 261,) is similar in principle to *Post* v. *Toledo etc. R. R. Co.* The other cases cited by petitioner have no bearing upon the particular point now under discussion.

Since the information sought was not material to the action in aid of which the proceeding against Mrs. Ustick was instituted, the petitioner could not under any system of procedure have maintained a bill of discovery against her. For the same reason such petitioner was not entitled to examine her as a witness in the manner here attempted, and the court properly refused to compel her to be sworn.

The proceeding is dismissed.

Angellotti, J., Shaw, J., Henshaw, J., Lorigan, J., and McFarland, J., concurred.