[S. F. No. 607. Department Two.—June 24, 1897.]

CLAUS SPRECKELS, Respondent, v. HAWAIIAN COMMERCIAL AND SUGAR COMPANY et al., Appellants.

Injunction — Stay of Proceedings in Action Pending—Multiplicity of Suits.—Under section 3423 of the Civil Code, the courts of this state cannot restrain persons within the state from prosecuting an action already pending either in a domestic or in a foreign jurisdiction, except to prevent a multiplicity of suits.

Id.—Construction of Code—Specific and Preventive Relief—Regulation of Rights.—The provisions of the Civil Code upon the subject of specific and preventive relief are designed to cover the whole subject, and are not mere rules of procedure, but define and regulate rights.

Id.—Construction of Constitution—Jurisdiction of Cases in Equity—Power of Legislature.—The constitutional grant to the superior court of jurisdiction in all cases in equity was not intended as a limitation upon the power of the legislature to regulate the rights of persons; and the legislature may either create new rights, under which new cases in equity may arise, without enlarging the jurisdiction of courts of equity, or may cause some rights to cease to exist, so that certain cases which courts of equity once entertained can no longer arise without diminishing the jurisdiction of the superior court in all cases in equity.

Appeal from an order of the Superior Court of the City and County of San Francisco refusing to dissolve a temporary injunction. James M. Trout, Judge.

The facts are stated in the opinion of the court.

*Guy C. Earl*, and *Bishop & Wheeler*, for Appellants.

*Delmas & Shortridge*, for Respondent.

TEMPLE, J.—This is an appeal from an order refusing to dissolve a temporary injunction restraining the corporate defendant from further prosecuting an action already commenced by said defendant against the plaintiff in the courts of the Republic of Hawaii, and to prevent the other defendants, as directors of the corporate defendant, from furthering the prosecution of said action.

Defendants moved to dissolve the injunction upon the complaint without answer or counter-affidavit. They contend: 1. That the complaint does not state a cause of action; and 2. That the courts of this state cannot restrain residents within the state from prosecuting an action already pending before the injunction suit was commenced, except to prevent a multiplicity of suits, and the injunction is not sought for that purpose here.

It is evident that the second point is included in the first. There is really no question as to the power of the court, although appellant's counsel seem to so regard it, and in doing so have, I think, greatly weakened their position. The courts of this state have the same power to restrain persons within the state from prosecuting actions in either domestic or foreign jurisdictions which courts of equity have elsewhere. The code, however, has regulated the exercise of the power, and prescribed the conditions which entitle litigants to the preventive writ.

Section 3423 of the Civil Code, so far as material here, reads as follows: "An injunction cannot be granted: 1. To stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings; 2. To stay proceedings in a court of the United States; 3. To stay proceedings in another state upon a judgment of a court of that state."

Respondent's counsel contend that the operation of the first subdivision of the section must be limited to

the courts of this state. The section is found in part I of the fourth division of the Civil Code. That part treats of the general subject of relief. The first section found in this part reads as follows:

"Sec. 3274. As a general rule, compensation is the relief or remedy provided by the law of this state for the violation of private rights, and the means of securing their observance; and specific and preventive relief may be given in no other cases than those specified in this part of the Civil Code."

The titles included in the part are: 1. Relief in general; 2. Compensatory relief; 3. Specific and preventive relief.

A glance at the sections included in this part will show that it was intended as a comprehensive statement of the entire law upon the subject. The theory and plan of the codes required that it should constitute a comprehensive statement of the general principles of the law. The first section of title 3, in which the section in question is found, reads: "Specific or preventive relief may be given in the cases specified in this title and in no others."

Of course, then, the rules laid down must have universal application, unless a contrary intent is indicated. They cover the whole subject, and they are not rules of procedure. They define and regulate rights.

Taking the first subdivision of section 3423 by itself, it is impossible to discover in it any ambiguity or uncertainty. It declares a general rule, easily comprehensible, in appearance of universal application. And to give it universal operation creates no confusion, and does not run counter to any generally admitted rule of law. Some courts had held, without any statute, that the rule as to foreign suits should be as there declared. Other courts had held differently. The legislature adopted one of these two rules of decision.

The learned and ingenious counsel for respondent argues that the two subdivisions following in the same section indicate a limitation; they argue that there would

be no use for the other subdivisions if the first has universal operation. I think counsel are in error, and that the three provisions together constitute a harmonious whole, and that the set of rules would be radically changed if any was lacking.

The first declares a rule of universal application. No one is entitled to enjoin another from prosecuting a judicial proceeding already pending when the injunction suit was begun, except for the purpose of preventing a multiplicity of suits. This does not declare in terms that the prosecution of a suit commenced after the injunction suit was commenced may not be enjoined for some other reason than that it is necessary to prevent a multiplicity of suits. It is possible, however, that taking section 3366 and the third subdivision of section 3422 together, it might be argued that a judicial proceeding will never be restrained in this state except to prevent a multiplicity of suits. But if there be such a question it is not involved here.

The second subdivision clearly provides that the proceeding in a federal court shall not be stayed even though it may be necessary to do so to prevent a multiplicity of suits, and although the suit which it is sought to stay was commenced after the commencement of the action, in which the injunction is sought. Though the first subdivision be given universal operation, it would not prevent the enjoining of either of the above classes of suits.

The third subdivision prevents interference by injunction to stay proceedings in another state upon a judgment of a court in that state.

There is nothing upon this subject in the first subdivision. The action is not then pending, and, if it were deemed to be pending, the first subdivision would permit a stay when necessary to prevent "a multiplicity of such proceedings," and when the proceeding was not "pending" when the action in which the stay is sought was commenced. The third subdivision prohibits this, and thus finds its special office and usefulness.

In my opinion these considerations show conclusively that these three subdivisions establish a set of rules upon this subject, each consistent with the other, and in which neither provision could be dispensed with without making a material change in the law; or, if there be any doubt as to the utility of either subdivision, it is as to the first.   In view of section 3366 and subdivision 3 of section 3422, can the parties be prevented by injunction from prosecuting any judicial proceeding except when such restraint is necessary to prevent a multiplicity of such proceedings?   If not, of course this injunction could not be maintained.

Counsel for respondent, however, contend that, if this construction of the law be correct, it is unconstitutional because it deprives the court of jurisdiction conferred upon it by the constitution.   Upon this subject the constitution simply provides: "The superior courts shall have original jurisdiction in all cases in equity."   Certainly it still has jurisdiction of all cases in equity notwithstanding these provisions of the code.   The trouble then is, not that the court has not jurisdiction, for it has, but that the plaintiff under the present law cannot make a case which entitles him to relief.   The right does not exist under the law.   Statutory changes are almost perpetual.   New rights are created under which new equities arise.   These make new cases in equity, of which the courts at once take cognizance.   The jurisdiction of courts of equity is not thereby enlarged.   Neither is it diminished when by statutory changes some rights cease to exist and certain cases which courts of equity once entertained can no longer arise.   The grant of power is not confined to cases in equity which could exist under the law as it stood when the constitution was adopted.   It includes all cases in equity at all times.   It was not intended as a limitation upon the power to legislate upon the rights of persons.   These sections deal with the rights of persons, and do not regulate procedure.   This is shown not only by their nature, but by the fact that they are found in the Civil

Code, and in the part which treats of the general subject of reliefs to which individuals are entitled.

Counsel will not contend that there has been any change in the law since the facts constituting plaintiff's supposed cause of action transpired. I think it has always been in this state as declared by the code. The cases cited from our reports, *Anthony* v. *Dunlap*, 8 Cal. 26, and *Uhlfelder* v. *Levy*, 9 Cal. 607, declare a general principle, and there is nothing to indicate that it is limited to courts of this state.

The order is reversed.

McFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.