## SHADID v. FLEMING.

### No. 3384.

Circuit Court of Appeals, Tenth Circuit.

Feb. 21, 1947.

Rehearing Denied April 14, 1947.

John B. Ogden, of Oklahoma City, Okl., for appellant.

Stanley B. Frosh, Atty., Office of Temporary Controls, OPA, of Washington, D. C. William E. Remy, Deputy Com'r of Price Administration for Enforcement; David London, Director, Litigation Division; and Albert M. Dreyer, Chief, Appellate Branch, all of Washington, D. C., and Frank E.

Hickey, Regional Litigation Atty., Office of Temporary Controls, OPA, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

By complaint filed in the United States Court for Western Oklahoma, the Administrator of the Office of Price Administration sought an injunction against H. B. Shadid, owner and operator of a retail grocery and market in Oklahoma City, to restrain the sale of groceries and commodities at prices in excess of Maximum Price Regulation 423, and of Order G-15 under General Order 51, promulgated under the Emergency Price Control Act of 1942, as amended, 56 Stat. 23, 58 Stat. 632, 50 U.S.C.A.Appendix, § 901 et seq. By answer, the defendant denied the violations charged in the complaint and pleaded compliance with all applicable regulations. The trial court granted a temporary injunction, and on final hearing the injunction was made permanent. The appeal was from the final judgment awarding the permanent injunction.

■ Appellant urges one contention. It is that at the time of the entry of the final judgment he was fully complying with the price regulations having application to his business and therefore the court should have denied a permanent injunction. The stock of merchandise in the grocery and market consisted of between 2000 and 3000 different kinds of commodities. Investigators of the Administrator made a spot check of slightly more than 200 items in the stock. The check disclosed that 18 or 20 of the commodities checked were being sold at prices above the permitted ceilings. The suit was filed. Corrections were made in the prices which eliminated the excesses pointed out by the check. Though no findings of fact were made, the court stated in the course of the final hearing on the question of the issuance of the permanent injunction that it believed appellant was then doing everything reasonably possible to comply with the regulations. That statement may be treated as a finding of compliance with the regulations at that time.

But section 205(a) of the Act authorizes the issuance of an injunction upon a showing that the defendant has engaged or is about to engage in acts or practices constituting a violation of the Act. And where an injunction is authorized by statute it is unnecessary for plaintiff to plead and prove the existence of the usual equitable grounds, irreparable injury and absence of an adequate remedy at law. It is enough if the requirements of the statute are satisfied. Henderson v. Burd, 2 Cir., 133 F.2d 515, 146 A.L.R. 714.

■ Section 205(a) constitutes a grant of statutory power to issue an injunction in a case of this kind in either of two instances. One is where the defendant has engaged in acts or practices which amount to a violation of the Act. The other is where he is about to engage in such acts or practices. Either will suffice to warrant the granting of an injunction. At the time of the institution of the suit, the defendant was engaged in acts and practices which violated the Act. And the subsequent cessation of the violations was not an absolute bar to the issuance of the injunction. Hecht v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754.

■ The issuance or withholding of an injunction in a case of this nature brought under the provisions of section 205(a) rests to some extent in the sound judicial discretion of the trial court. That discretion is to be exercised in light of the large objectives of the Act. And ordinarily the action of the court either in granting or withholding an injunction will not be disturbed on appeal unless there was an abuse of discretion. Hecht v. Bowles, supra; Bowles v. Nu Way Laundry Co., 10 Cir., 144 F.2d 741, certiorari denied 323 U.S. 791, 65 S.Ct. 431, 89 L.Ed. 631; Bowles v. Huff, 9 Cir., 146 F.2d 428.

■ In view of the fact that at the time of the institution of the action appellant was presently engaged in acts and practices which constituted a violation of the Act and were inimical to the public emergency, it cannot be said that the court abused its sound judicial discretion in the granting of the permanent injunction.

The judgment is affirmed.