[Civ. No. 26304.   Second Dist., Div. Three.   June 28, 1963.]

CLYDE W. MILLER, Plaintiff and Respondent, v. THE SANTA MARGARITA LAND AND CATTLE COMPANY, Defendant and Appellant.

Gallagher, Madden & Hart and Paul T. Hart for Defendant and Appellant.

A. H. Brazil for Plaintiff and Respondent.

FORD, J.—We treat this appeal as one from an order granting a preliminary injunction. We have determined that that order must be reversed.

The plaintiff brought an action to quiet his title to an easement in a roadway over the land of the defendant Santa Margarita Land and Cattle Company and to restrain that defendant and others from interfering with the plaintiff's use thereof. A temporary restraining order was issued. Thereafter, pursuant to the stipulation of the parties that order was dissolved. Subsequently, at the instance of the plaintiff the superior court ordered the defendants to show cause why they should not be enjoined during the pendency of the action from interfering with the use of the road by the plaintiff and his "'contracting parties." At the time that matter was heard, the defendant Santa Margarita Land and Cattle Company resisted the plaintiff's application on the ground that, even if the plaintiff had acquired an easement by prescription, the proposed use of the road for the hauling of decomposed granite from plaintiff's property would impose a substantial increase or change of burden on the servient tenement not permitted under the applicable law. (See *Bartholomew* v. *Staheli,* 86 Cal.App.2d 844, 850-851 [195 P.2d 824].) Counsel for the defendant asked that, if the relief sought by the plaintiff should be granted, a bond in the sum of $25,000 be required.

On October 13, 1961, the superior court made a minute order which was in part as follows: "The Court however feels that in the face of the evidence presented there is ample reason to continue the Restraining Order in effect until the matter is tried on its merits, and so orders."[1] There was

---

[1] No restraining order, however, was then in effect,

no formal written order. But even if it be assumed that the minute order was otherwise sufficient in content to constitute an order for a preliminary injunction (see *People* v. *Gordon,* 105 Cal.App.2d 711, 715-717 [234 P.2d 287]),[2] it was of no effect because it did not require the undertaking on the part of the plaintiff made mandatory by section 529 of the Code of Civil Procedure[3] and, therefore, it must be reversed.[4] (*Federal Automotive Services* v. *Lane Buick Co.,* 204 Cal. App.2d 689, 695 [22 Cal.Rptr. 603]; *Casitas Inv. Co.* v. *Charles L. Harney, Inc.,* 203 Cal.App.2d 811, 815-817 [21 Cal. Rptr. 821]; see 1 Witkin, California Procedure, p. 877; Civil Procedure Before Trial (Cont. Ed. Bar) pp. 633-634.) ▪ The plaintiff, however, is not precluded from hereafter making another application in the same action for a preliminary injunction. (*Federal Automotive Services* v. *Lane Buick Co., supra,* 204 Cal.App.2d 689, 695.)

The order is reversed. Each party shall bear his or its own costs on this appeal.

Shinn, P. J., and Files, J., concurred.

---

[2]In *People* v. *Gordon* it was stated (105 Cal.App.2d, at p. 716): "We conclude from those authorities that an order for a preliminary injunction can be validly made by minute order if said order by reference provides all required details of formulation but that otherwise a formal written order is essential." (See 1 Witkin, California Procedure, pp. 878-879; Civil Procedure Before Trial (Cont. Ed. Bar) p. 633.)

[3]Section 529 of the Code of Civil Procedure is in part as follows: "On granting an injunction, the court or judge *must* require [except under circumstances not here relevant] a written undertaking on the part of the applicant, with sufficient sureties, to the effect that he will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled thereto." (Italics added.)

[4]While this point has not been mentioned by the defendant in its brief, this court gives recognition to it so that there may be a proper disposition of the matter. (See *Philbrook* v. *Randall,* 195 Cal. 95, 105 [231 P. 739]; *Burnett* v. *Hoover Ball & Bearing Co.,* 51 Cal.App.2d 613, 614 [125 P.2d 572].)