[Civ. No. 46627. First Dist., Div. Four..July 24, 1979.]

NORTHPOINT HOMEOWNERS ASSOCIATION, Petitioner v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
ARUTUNIAN/KINNEY & ASSOCIATES et al.,
Real Parties in Interest.

**COUNSEL**

Richard R. Sutherland and Sanford B. Wolfe for Petitioner.

No appearance for Respondent.

Bronson, Bronson & McKinnon, Paul J. Sanner, James C. Krieg, Ernest C. Brown, Gordon & Rees, P. Gerhardt Zacher and James M. Hanavan for Real Parties in Interest.

**OPINION**

**CHRISTIAN, J.**—Northpoint Homeowners Association seeks a writ of mandate commanding respondent court to vacate its protective order or to require real party in interest Ditz-Crane to provide an undertaking to protect petitioner from being harmed by the protective order.

Ditz-Crane contracted to design, construct and maintain townhouses operated and controlled by petitioner. Petitioner sued Ditz-Crane for breach of contract, breach of warranty and negligence. The complaint alleged faulty design and construction of the roofing of the townhouses and negligent landscaping on the property. As part of the cause of action for negligent design of the landscaping, petitioner alleged that the root systems of plants interfere with the underground utility system.

Ditz-Crane cross-complained against Arutunian/Kinney & Associates, seeking indemnity upon allegations that the cross-defendant had done the landscaping which was the subject of contention.

Petitioner decided to remove approximately 200 trees from the project grounds in order to obtain relief from the roots of the trees allegedly invading and damaging the underground utility conduits.

Arutunian/Kinney & Associates obtained a temporary restraining order preventing petitioner from performing any topping, cutting, removal, replacement, installation or relocation of trees and bushes at the project. The order was to remain in effect pending a hearing on the motion of Arutunian/Kinney & Associates for a continued restraint in the nature of a protective order to preserve evidence until trial of the action is completed.

Petitioner opposed the protective order on the ground that the planned work was necessary to mitigate damages. Petitioner also contended that Code of Civil Procedure section 2019, subdivision (b)(1), does not authorize the court to make an order for preservation of physical evidence. Nevertheless, respondent court issued an order prohibiting the alteration of landscaping at Northpoint and preserving the status quo pending trial. The court declined to require real party in interest to furnish an undertaking.

Petitioner argues that it was not proper for the court to grant a protective order pursuant to Code of Civil Procedure section 2019, subdivision (b)(1).[1]

---

[1]Code of Civil Procedure section 2019, subdivision (b)(1): "(b)(1) Upon motion seasonably made by any party or by the person to be examined or notified to produce books, documents, or other things and upon notice, or upon the court's own motion and after giving counsel an opportunity to be heard, and in either case for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated time or place other than stated in the notice of taking the deposition, or that the deposition may be taken outside the county of residence and at a place more than 75 miles and less than 150 miles from the residence of the deponent in cases not provided for by paragraph (2) of subdivision (a) of this section, or that it shall not be taken except by allowing written interrogatories by one or more parties, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, books, documents, or other things, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs and expenses, including attorney's fees, as the court may deem reasonable."

Real parties in interest interpret the statute as generally empowering the trial court to issue an order "to protect the party," including an order for the preservation of physical evidence. This contention cannot be sustained. The "protective order" issued by respondent is not authorized by that statute, which deals only with discovery.

Real parties in interest contend, however, that the order can be sustained on another ground, i.e., "trial courts have inherent power to preserve and compel the furnishing of evidence in a pending civil action," citing *Union Oil Co.* v. *Reconstruction Oil Co.* (1935) 4 Cal.2d 541 [51 P.2d 81]. In *Union Oil,* the court dismissed appeals from orders authorizing the making of an examination and survey of an oil well, on the grounds that the orders were not appealable and that all of the questions involved were moot. The information secured by the examination and survey was to be offered as evidence by the plaintiff in an application for an injunction prohibiting defendants from trespassing by drilling on property leased by the plaintiff. The court stated at page 543: "The information thus obtained would obviously be of great value to the plaintiff in establishing as a fact that defendants were trespassing upon its territory and unlawfully taking oil therefrom." In referring to the orders of the trial court, the court stated at page 545: "They were made in the exercise of the inherent power of the court to compel the furnishing of evidence in a civil action by one adverse party upon the proper application of the other party. A party in a civil action has no privilege of refusing to testify or furnish information necessary to the presentation of his opponent's case. The taking of depositions of adverse parties, orders for the inspection of books and papers in the possession of the other party, and the issuing of *subpoenas duces tecum* are well-recognized examples of this power. And although it has perhaps never been definitely decided whether or not bills of discovery are available to litigants in this state, there is no question that analogous methods are employed to secure, under the compulsion of the court, evidence from adverse parties deemed necessary by the other party to establish the true facts of any controversy. Such an order necessarily depends in a large measure upon the discretion of the trial court, to be exercised according to the necessities of the case, and it requires prompt execution to be of any avail."

Thus, the trial court has inherent power to make certain orders in furtherance of the discovery and presentation of evidence related to pending civil litigation.

The court in *Union Oil* noted that the trial court's orders were not injunctions because their primary provisions neither prohibited appellants from any action nor required it. Rather, they authorized the making of an inspection and subsurvey of the oil well for the purpose of gathering information, not for the purpose of preserving the oil well as evidence.

In the present case, however, the protective order was not made in connection with the discovery of information, as it was in *Union Oil*. It was made to prohibit the destruction of evidence. Thus, petitioner contends that respondent's order "is, in effect, an injunction and without an undertaking the order is void." This contention is sound. Code of Civil Procedure section 525 provides: "An injunction is a writ or order requiring a person to refrain from a particular act." Respondent's order prohibits petitioner from altering the garden landscaping at the site until after the trial. Code of Civil Procedure section 529 requires that "On granting an injunction, the court or judge must require . . . a written undertaking on the part of the applicant, with sufficient sureties. . . ." No undertaking was required by the trial court here.

In *Miller* v. *Santa Margarita Land etc. Co.* (1963) 217 Cal.App.2d 764 [31 Cal.Rptr. 866], the plaintiff sued to quiet title to an easement in a roadway over defendant's land and to restrain defendant from interfering with plaintiff's use thereof. The trial court issued a preliminary injunction against defendant interfering with the plaintiff's use of the road during the pendency of the action. The court held that the injunction "was of no effect because it did not require the undertaking on the part of the plaintiff made mandatory by section 529. . . ." (217 Cal.App.2d at p. 766.)

Similarly, in *Oksner* v. *Superior Court* (1964) 229 Cal.App.2d 672 [40 Cal.Rptr. 621], the court granted a writ of mandate directing the trial court to vacate an order enjoining the petitioner from disposing of a note and trust deed. The court held that the order was void, stating, at pages 686-687, as follows: "The order made by the court on June 26, 1964, enjoining sale of the Sky Villa trust deed note . . . provides that Atlantic, its attorneys, agents and employees be restrained 'from disposing of the note secured by deed of trust in the original sum of $437,388.07, dated Dec. 22, 1960; that said persons and organization be restrained from disposing of said note in any manner whatsoever; that the matter be continued for a period of 60 days to Aug. 26, 1964 at 9:00 A.M. with the provision that, in the event a determination is made by the appellate court, the matter be advanced for hearing at that time is granted.' . . . an

injunction designed to preserve the status quo during the pendency of an action to set aside a fraudulent conveyance, as here, falls under section 529, Code of Civil Procedure, and does require a bond—one such as plaintiff Theriot had on June 10 declared himself unable to post. Without the bond a preliminary injunction is a nullity. (*Federal Automotive Services* v. *Lane Buick Co.,* 204 Cal.App.2d 689, 695 [22 Cal.Rptr. 603]; 27 Cal.Jur.2d, § 70, p. 193.)"

Here the purpose of the protective order was to preserve evidence, i.e., maintain the status quo. Thus, the order is tantamount to a prohibitory injunction; without an undertaking, the order is void.

A writ will issue commanding respondent court to vacate its order or require real party in interest to furnish an undertaking.

Caldecott, P. J., and Poché, J., concurred.