[Civ. No. 22085. Third Dist. Oct. 11, 1983.]

In re the Marriage of EVELYN MARIE and
VICTOR B. VAN HOOK, JR.
EVELYN MARIE VAN HOOK, Appellant, v.
VICTOR B. VAN HOOK, JR., Respondent;
CRAIG MEREDITH, Appellant.

**[Opinion certified for partial publication.*]**

*See, *post,* page 989.

972

COUNSEL

Wall & Wall and Stephen E. Wall for Appellant Wife.

Stephen D. Johnson for Appellant Meredith.

Price, Burness, Price, Davis & Brown and R. E. Burness for Respondent.

OPINION

SIMS, J.—In this published portion of our opinion, we hold that, pursuant to Civil Code sections 4351 and 4359 and Code of Civil Procedure section 527, a trial court may enter a preliminary injunction restraining a judgment creditor of one spouse from executing on community property involved in a marital dissolution proceeding. However, on granting the injunction, the court must require an undertaking to protect the interest of the judgment creditor pursuant to Code of Civil Procedure section 529.

FACTUAL AND PROCEDURAL HISTORY

Petitioner Evelyn Marie Van Hook (hereafter Evelyn) and respondent Victor B. Van Hook (hereafter Victor) separated on March 1, 1977. A petition for dissolution of marriage was filed on March 7, 1977. On or about August 15, 1979, Evelyn became indebted to judgment creditor Craig Mer-

edith (hereafter Meredith) for the sale of a yacht. Meredith brought a breach of contract action against Evelyn in Orange County Superior Court on December 12, 1979. On February 17, 1982, judgment was entered in favor of Meredith in the Orange County action in the amount of $37,384, plus interest and costs.

An interlocutory judgment in the dissolution proceeding was entered on May 7, 1982.[1] On or about July 12, 1982, the Butte County Sheriff, pursuant to writ of execution obtained by Meredith, levied upon a community property savings account of the parties at United Savings and Loan in Chico.

On August 4, 1982, Evelyn filed a notice of appeal. On August 30, 1982, Evelyn obtained an ex parte order from the trial court restraining Meredith, his attorneys, and the Butte County Sheriff from enforcing any judgment or levy under writ of execution against community property shares of stock in closely held funeral home corporations "[p]ending further order of this court." On September 10, 1982, Victor obtained an ex parte order from the trial court restraining Meredith, his attorneys and the sheriff from enforcing any judgment or levy under writ of execution against the savings account, to the extent of one-half thereof.

At a hearing on September 14, 1982, the trial court granted preliminary injunctions prohibiting Meredith and the sheriff from levying against the stock or the savings account until entry of a final judgment in the marital dissolution proceeding. No injunction bond was required.

The Butte County Sheriff, present at the September 14 hearing to receive the stock certificates from Victor's counsel, was prevented by the preliminary injunction from doing so. The sheriff returned the writ unsatisfied. Meredith petitioned this court for a writ of prohibition against enforcement of the preliminary injunctions; we denied the writ on September 30, 1982, noting that Meredith's remedy at law was adequate. Meredith thereafter filed a notice of appeal from the trial court injunctions.

Discussion

I.

A.

We first examine the legal basis for preliminary injunctive relief in a marital dissolution proceeding. Civil Code section 4359 (hereinafter

---

[1]The judgment of May 7, 1982, followed a retrial necessitated by our reversal of the original interlocutory judgment. Although the May 7, 1982, judgment is styled "Supplementary Final Judgment (Marriage) of Dissolution," it is actually an interlocutory judgment dividing property and adjudicating support rights. (See Civ. Code, §§ 4800, subd. (a); 4801, subd. (a).)

section 4359),[2] one of the Family Law Act's procedural provisions, provides authority for the trial court to issue ex parte orders restraining "any person" from in any way disposing of any property within the court's jurisdiction (with two exceptions not pertinent here) pending a hearing. An ex parte order issued pursuant to section 4359 must "state on its face the date of expiration of the order." (§ 4359, subd. (a).)

On its face, section 4359 authorizes the issuance of ex parte temporary restraining orders "in the manner provided by Section 527 of the Code of Civil Procedure." Code of Civil Procedure section 527, subdivision (a) essentially provides that an ex parte order issued pursuant to section 4359 must be reviewed by a hearing held not later than 20 days from the date of the order (or 25 days where good cause is shown).

■ Section 4359 does not explicitly provide for the issuance of preliminary injunctions. However, our review of various provisions of the Family

---

[2]Civil Code section 4359 provides in pertinent part as follows: "(a) During the pendency of any proceeding under Title 2 (commencing with Section 4400) or Title 3 (commencing with Section 4500) of this part, upon application of either party in the manner provided by Section 527 of the Code of Civil Procedure, the Superior Court may issue ex parte orders (1) restraining any person from transferring, encumbering, hypothecating, concealing, or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, except in the usual course of business or for the necessities of life, and if the order is directed against a party, requiring him or her to notify the other party of any proposed extraordinary expenditures and to account to the court for all such extraordinary expenditures; (2) enjoining any party from contacting, molesting, attacking, striking, threatening, sexually assaulting, battering, or disturbing the peace of the other party, and, in the discretion of the court, upon a showing of good cause, other named family and household members; (3) excluding one party from the family dwelling or from the dwelling of the other, for the period of time and upon the conditions as the court may determine, regardless of which party holds legal or equitable title, or is the lessee of the dwelling, upon a showing that the party to be excluded has assaulted or threatens to assault the other party, and that physical or emotional harm would otherwise result to the other party or any person under the care, custody, or control of the other party, as provided in Section 5102; (4) determining the temporary custody of any minor children of the marriage, and the right of a party to visit the minor children upon the conditions as the court may determine; (5) determining the temporary use, possession, and control of real or personal property of the parties and the payment of any liens or encumbrances coming due during the pendency of the order; and (6) enjoining a party from specified behavior which the court determines is necessary to effectuate orders under paragraph (2) or (3).

"Any order issued pursuant to this section shall state on its face the date of expiration of the order.

"The Judicial Council shall promulgate forms and instructions for applications for orders and orders granted pursuant to this section.

"(b) The court shall order the party who obtained the order or the attorney for such party to deliver or the clerk to mail a copy of any order, or extension, modification or termination thereof, granted pursuant to subdivision (a), by the close of the business day on which the order, extension, modification, or termination was granted, and any subsequent proof of service thereof, to each local law enforcement agency designated by the party or the attorney for the party, having jurisdiction over the residence of the party and such other locations where the court determines that acts of domestic violence against the party are likely to occur. . . ."

Law Act (Civ. Code, §§ 4000-5174), and our comparison of that act with the Domestic Violence Prevention Act (Code Civ. Proc., §§ 540-553), leads us to conclude the Legislature intended that an ex parte restraining order issued pursuant to section 4359 can be converted into a preliminary injunction following a hearing.

We note first that subdivision (b) of section 4359 contemplates that ex parte orders authorized by subdivision (a) can be extended in some manner, because subdivision (b) requires, inter alia, that any "extension" of an ex parte order be mailed or delivered to the appropriate law enforcement agency. Moreover, Civil Code sections 4458 and 4516 explicitly authorize the incorporation in any *judgment* under the Family Law Act of "any orders issued pursuant to paragraphs (2) and (6) of subdivision (a) of Section 4359." Since ex parte orders under section 4359 are good for 25 days at most (Code Civ. Proc., § 527, subd. (a)), and since interlocutory judgments in marital dissolution cases are usually entered more than 25 days from issuance of ex parte orders,[3] and since Civil Code sections 4458 and 4516 provide for incorporation of section 4359 orders in an interlocutory judgment, we infer the Legislature did not intend that there be a hiatus in section 4359 orders between the time of their initial expiration (25 days after issuance) and the time of entry of an interlocutory judgment. Rather, Civil Code sections 4458 and 4516 assume that section 4359 ex parte orders will survive in appropriate cases, following a hearing, as preliminary injunctive orders.

Another reason for construing the Family Law Act so as to allow section 4359 ex parte orders to be converted into preliminary injunctions is that such a result harmonizes the Family Law Act and the Domestic Violence Prevention Act. ▮ "It is well established that a specific provision should be construed with reference to the entire statutory system of which it is a part, in such a way that the various elements of the overall scheme are harmonized." (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081]; followed in *Brown Newspaper Publishing Co.* v. *Superior Court* (1981) 114 Cal.App.3d 462, 468 [170 Cal.Rptr. 611].)

▮ The Domestic Violence Prevention Act is designed "to prevent the recurrence of acts of violence by a spouse or household member against another spouse or other family or household members and to provide for a separation of the persons involved in such domestic violence for a period of time sufficient to enable such persons to seek resolution of the causes of

---

[3]Just ask Evelyn and Victor, the appellant and respondent herein, whose marital dissolution is now in its sixth year and headed for its third trial.

the violence." (Code Civ. Proc., § 540.) The Domestic Violence Prevention Act allows the filing of an action by one spouse against the other even though no proceeding for legal separation or dissolution of marriage has been filed under the Family Law Act. (Code Civ. Proc., §§ 542, subd. (c); 545; see Mills & McNamar, *California's Response to Domestic Violence* (1981) 21 Santa Clara L.Rev. 1, 8.) The Domestic Violence Prevention Act, which also allows the filing of actions by unmarried household members, specifically authorizes a trial court to "issue ex parte any of the orders set forth in subdivision (a) of Section 4359 of the Civil Code, or in the case of a nonmarital relationship between the plaintiff and the defendant any of the orders set forth in paragraphs (2), (3) and (6) of subdivision (a) of Section 4359 of the Civil Code . . . ." (Code Civ. Proc., § 546; see Comment, *Review of Selected 1979 California Legislation* (1979) 11 Pacific L.J. 259, 466.) Another provision of the Domestic Violence Prevention Act, Code of Civil Procedure section 547, subdivision (a), empowers the court, following a noticed hearing, to extend ex parte orders initially issued pursuant to Code of Civil Procedure section 546. And Code of Civil Procedure section 548 provides that orders issued after a hearing shall remain in effect, in the discretion of the court, not to exceed one year unless terminated or extended by order of court upon further motion or upon a written stipulation filed with the court. In sum, the Domestic Violence Prevention Act allows spouses to obtain preliminary injunctive orders, effective up to a year (and extendable thereafter by motion or stipulation), on all grounds set forth in subdivision (a) of section 4359.

Although the Domestic Violence Prevention Act does not explicitly prevent spouses who have filed an action for legal separation or dissolution of marriage from filing a concurrent action under the act,[4] the clear intent of the Legislature was that spouses who were parties to an action for legal separation or dissolution of marriage would continue to obtain pendente lite injunctive relief under the Family Law Act, i.e., under section 4359.[5] (See Mills & McNamer, *op. cit. supra,* 21 Santa Clara L.Rev. at pp. 8-10.) Unless we construe the Family Law Act as authorizing the issuance of preliminary injunctive orders, based on section 4359, we will simply encourage many spouses who have filed for dissolution of marriage to file uneconomical concurrent actions under the Domestic Violence Prevention Act in order

---

[4]Compare Code of Civil Procedure section 527.6, which permits an action for temporary and permanent injunctive relief from harassment. Subdivision (j) of section 527.6 provides in part that, "This section shall not apply to any action covered by Section 4359 . . . of the Civil Code, . . ."

[5]The Domestic Violence Prevention Act was enacted by Senate Bill No. 9 in 1979. (Stats. 1979, ch. 795.) The legislation "also revises pertinent sections of the Family Law Act and the Uniform Parentage Act to expand the court's authority to issue orders and to conform these provisions to the Domestic Violence Prevention Act." (Comment, *op. cit. supra,* 11 Pacific L.J. at pp. 465-466, fns. omitted.)

to obtain preliminary injunctive orders specifically authorized by Code of Civil Procedure sections 547 and 548. ■ "It is a cardinal rule of construction that statutes should be given a reasonable interpretation which accords with the apparent intent of the Legislature. [Citations.]" (*Cory* v. *Golden State Bank* (1979) 95 Cal.App.3d 360, 367 [157 Cal.Rptr. 538].)

■ Finally, we note that the evident purpose of section 4359 is to allow the trial court to preserve the status quo during the pendency of marital dissolution proceedings. (See *Lee* v. *Superior Court* (1976) 63 Cal.App.3d 705, 710 [134 Cal.Rptr. 43].) Since, as we have noted, most marital dissolution actions take more than 25 days to resolve, the status quo can be preserved during the action only if ex parte orders of restraint, issued pursuant to section 4359 and effective for 25 days at the most, can be converted into preliminary injunctive orders following a hearing.

Our conclusion does not require us to rewrite a statute. There exists a statutory vehicle permitting the conversion of section 4359 ex parte orders into preliminary injunctive orders. It is Civil Code section 4351, also a part of the Family Law Act, which provides in pertinent part that "the superior court has jurisdiction to . . . make such orders as are appropriate concerning . . . the settlement of the property rights of the parties . . . ."[6] Civil Code section 4351 authorizes a trial court to enter orders described by the statute during the pendency of marital dissolution proceedings. (See *Lee* v. *Superior Court, supra,* 63 Cal.App.3d at pp. 710-711.) We conclude the Family Law Act contemplates that an ex parte order issued pursuant to section 4359 may be converted following a hearing into a preliminary injunction authorized by Civil Code section 4351. Section 4359 therefore specifies grounds for issuance of temporary restraining orders and preliminary injunctions in marital dissolution cases. We conclude further that the procedures by which these ex parte and injunctive orders may be obtained are set forth in Code of Civil Procedure section 527 and related subsequent sections dealing with injunctive relief.

### B.

■ We next investigate whether section 4359 contemplates that a levy by a judgment creditor may be restrained.

---

[6]Civil Code section 4351 provides: "In proceedings under this part, the superior court has jurisdiction to inquire into and render such judgments and make such orders as are appropriate concerning the status of the marriage, the custody and support of minor children of the marriage, the support of either party, the settlement of the property rights of the parties and the award of attorneys' fees and costs; provided, however, no such order or judgment shall be enforceable against an employee pension benefit plan unless the plan has been joined as a party to the proceeding."

We have found no case determining whether trial courts either possess, or lack, the authority to enjoin judgment creditors from executing against property before the court in marital dissolution proceedings. However, subdivision (a)(1) of section 4359 explicitly allows orders "restraining any person." Read literally, the statute applies to anyone seeking to transfer, encumber, or otherwise dispose of property before the court in a marital dissolution proceeding. This literal interpretation is reinforced by additional language in subdivision (a)(1) providing "if the order is directed against a party," the order may require the party to notify the other party of any proposed extraordinary expenditures and to account for the same. That language assumes that orders may be entered against nonparties.

In addition, subdivision (a)(5) of section 4359 allows superior courts to enter orders "determining the temporary use, possession, and control of real or personal property of the parties and the payment of any liens or encumbrances coming due during the pendency of the order; . . ." A levy of a judgment creditor obviously has an instant effect on "the . . . use, possession, and control of . . . personal property of the parties," when the sheriff seizes it. Moreover, we note that subdivision (a)(5) explicitly allows the court to enter an order determining the payment of any liens, presumably including liens arising out of judgments. (See Code Civ. Proc., §§ 674, 688.1.) It would be anomalous to interpret section 4359 so as to allow courts to determine the proper payment of liens arising out of judgments but not levies arising out of judgments. ■ " '[W]hatever is necessarily implied in a statute is as much a part of it as that which is expressed.' " (*Welfare Rights Organization* v. *Crisan* (1983) 33 Cal.3d 766, 771 [190 Cal.Rptr. 919, 661 P.2d 1073], quoting *Johnston* v. *Baker* (1914) 167 Cal. 260, 264 [139 P. 86].) ■ We conclude section 4359, subdivision (a)(5) impliedly authorizes a trial court to enter orders determining the payment of levies made by judgment creditors on the real or personal property of the parties during the pendency of marital dissolution proceedings.

We recognize that injunctions of the sort rendered by the trial court work a hardship upon creditors who have already pursued their debtors to judgment on their own claims. However, where, as here, a debt was incurred by one spouse after separation of the parties, a levy may have the effect of removing unique community property (in this case, stock in closely held corporations operating funeral homes) from the community estate, thereby preventing the nondebtor spouse, who had nothing to do with the debt incurred, from retaining an interest in that unique property. (See *In re Marriage of Hopkins* (1977) 74 Cal.App.3d 591, 600 [141 Cal.Rptr. 597].) Moreover, levies by judgment creditors during dissolution of marriage proceedings can cause economic chaos which, in turn, can easily produce an unhealthy environment for children involved in an already difficult marital

breakup. (See Ricci, Mom's House, Dad's House (1980) pp. 133-136.) Finally, in many cases the creditor can be made whole by the protection of an injunction bond (see *post,* part III) and by an award of interest to be paid by the debtor at the conclusion of the action. On balance, we conclude that section 4359 should apply to allow trial courts the discretion to restrain judgment creditors from executing upon community property involved in a marital dissolution proceeding.

## C.

In the instant case, both the ex parte restraining orders and the preliminary injunctions were issued after Evelyn filed her notice of appeal. ■ "Generally speaking, the taking or 'perfecting' of an appeal . . . deprives the trial court of jurisdiction of the cause." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 4, p. 4021.) However, the courts have long recognized that trial courts retain jurisdiction to award or modify temporary spousal support during an appeal. (See, e.g., *Bruce* v. *Bruce* (1911) 160 Cal. 28, 29-30 [116 P. 66]; *Bohnert* v. *Bohnert* (1891) 91 Cal. 428, 431 [27 P. 732]; *Bain* v. *Superior Court* (1974) 36 Cal.App.3d 804, 807-808 [111 Cal.Rptr. 848].) These cases have relied upon statutes specifically authorizing an award of spousal support during the *pendency* of divorce or dissolution proceedings[7] and upon Code of Civil Procedure section 1049, which has provided in pertinent part since 1872 that, "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, . . ." Section 4359, subdivision (a) also authorizes orders defined therein to be entered "[d]uring the pendency of any proceeding" under the Family Law Act. (See fn. 2, *ante.*) Section 4359 thus contemplates that its orders may be issued during an appeal. Of course, a contrary result would allow the fragmentation and dissipation of the community estate before its ultimate disposition by the courts and would therefore defeat the main purpose of the statute. ■ In the instant case, the trial court had jurisdiction to issue its restraining orders even though the case was on appeal.

---

[7]Civil Code section 4357 provides in relevant part: "During the pendency of any proceeding under Title 3 (commencing with Section 4500), Title 4 (commencing with Section 4600) or Title 5 (commencing with Section 4700) of this part, the superior court may order the husband or wife, or father or mother, as the case may be, to pay any amount that is necessary for the support and maintenance of the wife or husband and for the support, maintenance and education of the children, as the case may be."

As was pointed out in *Bain* v. *Superior Court, supra,* 36 Cal.App.3d at page 807, footnote 2: "[Civil Code section 4357] has lived under other numbers: Civil Code, section 4516, repealed Statutes 1970, chapter 311, section 6; Civil Code, section 137.2, repealed Statutes 1969, chapter 1608, section 3; Civil Code, section 137, amended Statutes 1951, chapter 1700, sections 1, 3."

## II.

### A.

We next address a series of objections to the issuance of the injunctive orders raised by judgment creditor Meredith. Meredith contends that Code of Civil Procedure section 526,[8] which provides several grounds for issuance of injunctions, does not authorize injunctive relief in this case. However, nothing in Code of Civil Procedure section 526 suggests that the Legislature intended the list of grounds therein, authorizing issuance of preliminary injunctions, to be exclusive.[9] Indeed, the Legislature has en-

---

[8] Code of Civil Procedure section 526 provides as follows: "An injunction may be granted in the following cases:

"1. When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;

"2. When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action;

"3. When it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual;

"4. When pecuniary compensation would not afford adequate relief;

"5. Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief;

"6. Where the restraint is necessary to prevent a multiplicity of judicial proceedings;

"7. Where the obligation arises from a trust.

"An injunction cannot be granted:

"1. To stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings;

"2. To stay proceedings in a court of the United States;

"3. To stay proceedings in another state upon a judgment of a court of that state;

"4. To prevent the execution of a public statute by officers of the law for the public benefit;

"5. To prevent the breach of a contract (other than a contract in writing for the rendition or furnishing of personal service from one to another where the minimum compensation for such service is at the rate of not less than six thousand dollars per annum, and where the promised service is of a special, unique, unusual, extraordinary or intellectual character which gives it peculiar value the loss of which cannot be reasonably or adequately compensated in damages in an action at law) the performance of which would not be specifically enforced; provided, however, that an injunction may be granted to prevent the breach of a contract entered into between any nonprofit co-operative corporation or association and a member or stockholder thereof, in respect to any provision regarding the sale or delivery to the corporation or association of the products produced or acquired by such member or stockholder.

"6. To prevent the exercise of a public or private office, in a lawful manner, by the person in possession;

"7. To prevent a legislative act by a municipal corporation." (Italics omitted.)

[9] We also note that Code of Civil Procedure section 526 was enacted in 1872 and last amended in 1925, long before the Family Law Act was envisioned. (See Stats. 1925, ch. 408, § 1, pp. 828-829.)

acted various statutes specifically authorizing the granting of injunctive relief in many situations and on various grounds not contemplated by Code of Civil Procedure section 526. (See statutory grants of power to issue injunctive orders collected in 2 Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, § 49, p. 1498.) Civil Code sections 4351 and 4359 are express grants of authority in cases arising under the Family Law Act. This authority is supplemental to that set forth in Code of Civil Procedure section 526. It is therefore unnecessary to find express authorization for the injunctions in Code of Civil Procedure section 526.

### B.

Meredith next argues that Evelyn and Victor are not entitled to injunctive relief because their remedy at law is adequate.[10] The argument is unconvincing.

It is a general principle of equity that, "In order for an injunction to issue, plaintiff must show that he has been or will continue to be damaged, and that there is no remedy at law to make him whole . . . ." (*Knox v. Streatfield* (1978) 79 Cal.App.3d 565, 572 [145 Cal.Rptr. 39]; see *South Pasadena* v. *Pasadena Land etc. Co.* (1908) 152 Cal. 579, 595 [93 P. 490]; *Thayer Plymouth Center, Inc.* v. *Chrysler Motors Corp.* (1967) 255 Cal.App.2d 300, 306 [63 Cal.Rptr. 148]; 2 Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, § 68, pp. 1508-1509.) However, the federal courts have recognized that, "Where an injunction is authorized by statute it is unnecessary for plaintiff to plead and prove the existence of the usual equitable grounds, irreparable injury and absence of an adequate remedy at law. It is enough if the requirements of the statute are satisfied." (*Atchison,*

---

[10]Meredith suggests that Victor possessed the legal remedy of filing a third party claim to any property levied upon, pursuant to Code of Civil Procedure section 689. Meredith notes that upon filing of such a claim, the levying officer must release the levy unless the creditor files a bond for twice the intended levy. (Code Civ. Proc., § 689.) He also contends Evelyn has an adequate remedy at law by resort to exemptions from execution provided by Code of Civil Procedure section 690 et seq. Meredith concludes that these legal remedies are adequate and preclude resort to injunctive relief. Meredith relies upon Civil Code section 3422, subdivision 1, for the proposition that injunctive relief is precluded where an adequate legal remedy exists. However, that statute simply specifies alternate grounds for issuance of an injunction, not limitations on issuance. Moreover, Civil Code section 3422 applies to "final" as opposed to preliminary injunctions. (Civ. Code, § 3421.) While Code of Civil Procedure section 526 explicitly refers to various situations where money damages would not afford adequate relief, (see fn. 8, *ante*), those forms of inadequacy of legal remedy are not prerequisites but are rather, once again, grounds for issuance of preliminary injunctions. (Code Civ. Proc., § 526.) As noted, section 4359 provides grounds for issuance of a preliminary injunction that are supplemental to the grounds in Code of Civil Procedure section 526. To our knowledge no statute *prevented* issuance of the preliminary injunctions in this case on the ground a legal remedy was adequate. Meredith's statutory argument is therefore unavailing. However, we address the court-made rule that adequacy of legal remedy will preclude injunctive relief.

*T. & S. F. Ry. Co.* v. *Lennen* (10th Cir. 1981) 640 F.2d 255, 260, quoting *Shadid* v. *Fleming* (10th Cir. 1947) 160 F.2d 752, 753.) The federal courts have applied the foregoing rule to uphold injunctive relief in a wide variety of statutory settings ranging from the Agricultural Adjustment Act of 1933 to the Securities Exchange Act of 1934. (See authorities collected in *Atchison, T. & S. F. Ry. Co., supra,* 640 F.2d at pp. 259-260.)

In *Paul* v. *Wadler* (1962) 209 Cal.App.2d 615 [26 Cal.Rptr. 341], the court borrowed half of the aforementioned federal rule and held that, "*irreparable injury* need not be shown in cases involving a preliminary injunction, where the injunction is authorized by statute, and the statutory conditions are satisfied. [Citations.]" (P. 625, italics added.)[11] Here we borrow the remainder of the federal rule and hold that *inadequacy of a remedy at law* need not be shown to obtain injunctive relief authorized by statute (in this case, § 4359) where the statutory conditions for issuance are satisfied.

 There is no question but that section 4359 contemplates that injunctive restraint will be available without testing the possible adequacy of available legal remedies. Where either husband or wife has tendered community property to the trial court for adjudication (compare *Henn* v. *Henn* (1980) 26 Cal.3d 323, 330 [161 Cal.Rptr. 502, 605 P.2d 10]), the trial court in a marital dissolution proceeding "shall, either in its interlocutory judgment of dissolution of the marriage, in its judgment decreeing the legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, divide the community property and the quasi-community property of the parties . . . equally." (Civ. Code, § 4800, subd. (a).) While the equal division mandate of Civil Code section 4800 does not require that assets be divided "in kind" in all cases (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 603 [153 Cal.Rptr. 423, 591 P.2d 911]), an "in kind" division of assets may be the only fair method of division in some circumstances. (See *In re Marriage of Brigden* (1978) 80 Cal.App.3d 380, 390-391 [145 Cal.Rptr. 716].) In determining whether to divide assets "in kind" or otherwise, "The exercise of a trial court's sound discretion is best preserved by maintaining a maximum degree of allowable flexibility." (*Connolly, supra,* 23 Cal.3d at p. 603.)

The "flexibility" required by the trial courts is preserved by, for example, subdivision (a)(1) of section 4359, which prohibits any person from, inter alia, transferring or in any way disposing of *any* property. (See fn. 2, *ante.*)

---

[11] In *Paul* v. *Wadler, supra,* the court held that no irreparable injury need be shown to sustain injunctive relief under Agricultural Code section 4212, which prohibited the sale of milk below a minimum price.

This provision allows the family law courts of our state to freeze the assets of parties to a marital dissolution until the appropriate ownership, value, and equal distribution of the assets can be adjudicated, as required by Civil Code section 4800.

In sum, the Family Law Act does not envision that one spouse involved in a marital dissolution proceeding can appropriate a community asset and make the other whole by paying damages in an action at law. Rather, the act contemplates an equal division of community assets tendered to the court for adjudication. In Civil Code sections 4351 and 4359, the Legislature has provided a statutory remedy that allows the courts to preserve assets until an equal division can be accomplished. Accordingly, we conclude that inadequacy of legal remedy need not be shown in order to obtain injunctive relief under Civil Code sections 4351 and 4359.

## C.

In a related argument to which we provide a related response, Meredith contends that injunctive relief has been held by the courts to be a remedy rather than a right, so that such relief may not be granted in the absence of "a cause of action." (See *Shell Oil Co.* v. *Richter* (1942) 52 Cal.App.2d 164, 168 [125 P.2d 930].) Meredith points out that neither Evelyn nor Victor has alleged a cause of action against him.

We note, however, that proceedings for dissolution of marriage are not, strictly speaking, "actions" by which one party seeks redress for a wrong committed by another. (See 6 Witkin, Summary of Cal. Law (8th ed. 1974) Husband and Wife, § 91, p. 4960.) It follows that neither husband nor wife possesses a "cause of action" which is being litigated. The concept of "cause of action" is, rather, wholly foreign to Family Law Act proceedings. The authority for the trial court's issuance of preliminary injunctions stems not from a violation of a right by Meredith but from Civil Code sections 4351 and 4359, which, as we have seen, are express legislative grants of power unrestricted by limitations upon injunctive relief fashioned by the courts of equity. These statutes would be rendered nullities if the injunctive powers of trial courts were limited to allow use only where a party possessed a "cause of action." As noted above, these statutes must be given a reasonable interpretation consistent with the apparent intent of the Legislature. (*Cory* v. *Golden State Bank, supra,* 95 Cal.App.3d at p. 367.)

## D.

Meredith next suggests the Butte County Superior Court lacked authority to preliminarily restrain[12] enforcement of the Orange County Supe-

---

[12]One of the very few acceptable split infinitives.

rior Court judgment. Meredith cites Civil Code section 3423, which provides in pertinent part that "An injunction can not be granted: [¶] First—To stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings." Civil Code section 3423, like its neighbor, Civil Code section 3422 (see fn. 10, *ante*), applies to final but not to preliminary injunctions. (Civ. Code, § 3421.) However, Civil Code section 3423's restrictive language is repeated verbatim in Code of Civil Procedure section 526, which obviously does apply to preliminary injunctions. (See fn. 8, *ante*.)

This limiting statutory language has been uniformly held to prevent trial courts from restraining preexisting, *ongoing proceedings* in other trial courts. (See *Title Ins. etc. Co.* v. *California Dev. Co.* (1915) 171 Cal. 173, 209 [152 P. 542]; *Wright* v. *Superior Court* (1903) 139 Cal. 469, 473 [73 P. 145]; *Spreckles* v. *Hawaiian Com. etc. Co.* (1897) 117 Cal. 377, 380 [49 P. 353]; *Lincoln* v. *Superior Court* (1942) 51 Cal.App.2d 61, 67 [124 P.2d 179].) Thus, " 'Section 3423 can hardly be said to be applicable where the action or proceeding has terminated in a final judgment.' " (*Title Ins. etc. Co.* v. *California Dev. Co., supra,* 171 Cal. at p. 209, quoting *Wright* v. *Superior Court, supra,* 139 Cal. at p. 476 (conc. opn. of McFarland, J.).)[13] In *Title Ins. etc. Co.* the court noted that while Civil Code section 3423 prohibited staying other ongoing judicial proceedings, it did not prohibit enjoining the use of a final judgment which resulted from such proceedings. (*Title Ins. etc. Co., supra,* 171 Cal. at p. 209.) Since the preliminary injunctions entered here did not disrupt an ongoing judicial proceeding but rather provisionally enjoined execution on a final judgment, the statutory prohibition in Code of Civil Procedure section 526 (identical to that in Civ. Code, § 3423) did not bar issuance of the injunctions.

Meredith relies also upon *Crowley* v. *Davis* (1869) 37 Cal. 268, where an action was brought in the then fifteenth district court to permanently restrain sale of real estate about to be sold pursuant to a judgment and decree of the then fourth district court. (P. 269.) Recognizing a principle of intrastate comity, *Crowley* held that a district court possessed no power to enjoin

---

[13]*Wright* v. *Superior Court, supra,* 139 Cal. 469 suggests that the reason underlying Civil Code section 3423's restriction on injunctions is to prevent interference with ongoing proceedings. The court feared that, absent the statutory limitation, "any action pending or on trial in any part of the state may be suspended by a like collateral proceeding commenced in another county, and in the most distant part of the state. And the action thus suspended, in the midst of a trial, might be tied up a year or two, until demurrers and motions for change of venue in such collateral proceeding could be disposed of, and appeals from the judgment therein, and from its various branches, could be finally determined. Such a practice would be simply intolerable." (P. 473.) This concern is obviously inapposite where only use of a final judgment is being enjoined.

the execution of a decree of another district court "unless it plainly appear that the Court rendering the judgment or decree, under which the proceedings are sought to be stayed 'is unable by reason of its jurisdiction to afford the relief sought.' [Citations.]" (*Ibid.*) In *Crowley* the Supreme Court noted that the fourth district court, which had issued the decree, had the power to provide adequate and complete relief. (P. 270.)

It is immediately apparent that *Crowley* is inapplicable to the instant situation. Here, the Orange County Superior Court clearly lacks jurisdiction to preserve the status quo during the Butte County marital dissolution proceedings or to protect unique property of the nondebtor spouse. Only the Butte County court could afford "appropriate" relief by way of evaluating (a) the need to preserve the community estate during the marital dissolution and (b) the fairness of allocating Evelyn's postseparation debt to her own share of the community property. (Cf. *In re Marriage of Hopkins, supra,* 74 Cal.App.3d at p. 600.) We hold that Civil Code sections 4351 and 4359 authorized the trial court to enter preliminary injunctions restraining execution on Meredith's judgment.[14]

### III.

Although we hold that the trial court was authorized to enter preliminary injunctions restraining Meredith from executing on community property involved in the dissolution proceeding, the injunctions must fail for lack of the requisite sureties.

We have previously concluded that Civil Code sections 4351 and 4359 authorize the issuance of preliminary injunctions in accordance with procedures set forth in section 527 et seq. of the Code of Civil Procedure related to injunctive relief. (See *ante,* p. 980.) Code of Civil Procedure section 529[15] requires, with certain exceptions, that an injunction applicant post

---

[14]Meredith notes in closing that his motion for a lien upon the eventual judgment in the dissolution proceeding (Code Civ. Proc., § 688.1) does not foreclose his right to enforce the Orange County judgment. Meredith is doubtless correct; that fact, however, does not mean that he may not be enjoined pursuant to other statutory provisions.

Meredith also cites several Code of Civil Procedure sections (§§ 681, 684, 688) allowing for execution on judgments. However, these sections may not be read in isolation apart from Civil Code sections 4351 and 4359.

[15]Code of Civil Procedure section 529 provides in pertinent part as follows: "(a) On granting an injunction, the court or judge must require an undertaking on the part of the applicant to the effect that the applicant will pay to the party enjoined such damages, not exceeding an amount to be specified, as the party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled to the injunction. Within five days after the service of the injunction, the person enjoined may object to the undertaking. If the court determines that the applicant's undertaking is insufficient and a sufficient undertaking is not filed within the time required by statute, the order granting the injunction must be dissolved. [¶] (b) This section does not apply to any of the following persons: [¶] (1) Either spouse against the other in a proceeding for legal separation or dissolution of marriage."

satisfactory sureties as a condition of continuing the injunction beyond the time of the hearing. One exception to the requirement of sureties is for "Either spouse against the other in a proceeding for legal separation or dissolution of marriage." (Code Civ. Proc., § 529, subd. (b)(1).) This exception is inapplicable to the instant situation where both spouses seek to enjoin a third party creditor.

It is undisputed that no sureties were provided in this case, despite Meredith's timely objection to the lack thereof. Therefore, the injunctions may not stand. (*Northpoint Homeowners Assn.* v. *Superior Court* (1979) 95 Cal.App.3d 241, 245-246 [157 Cal.Rptr. 42], and authorities cited therein; see *Neumann* v. *Moretti* (1905) 146 Cal. 31, 33 [79 P. 512]; 2 Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, § 96, p. 1529-1530.)

The trial court shall require the party who sought each injunction against Meredith to provide sufficient sureties as a condition of having the injunction remain in force pending further proceedings herein. (See *Northpoint Homeowners Assn.* v. *Superior Court, supra,* 95 Cal.App.3d 241, 246.)

The orders granting preliminary injunctions are affirmed with directions to the trial court to conduct further proceedings specified above.

In an unpublished portion of this opinion (see rule 976.1 of the Cal. Rules of Court), we reverse the judgment of dissolution of marriage as to property and spousal support issues and remand to the trial court for further proceedings.

Puglia, P. J., and Sparks, J., concurred.